IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
TENNESSEE AT CHATTANOOGA

| | | |
|---|---|---|
| **SHANDLE MARIE RILEY** | ) | Case No. 1:19-cv-00304 |
| | ) | |
| Plaintiff, | ) | JURY DEMAND |
| v. | ) | McDonough/Steger |
| **DEPUTY DANIEL WILKLEY** | ) | |
| In his capacity as deputy sheriff for | ) | |
| Hamilton County Government and in his | ) | |
| Individual capacity, | ) | |
| | ) | |
| **DEPUTY JACOB GOFORTH**, in his | ) | |
| capacity as a deputy sheriff for Hamilton | ) | |
| County Government and in his individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEPUTY JACOB GOFORTH

Comes now Deputy Jacob Goforth (hereinafter "Goforth") and for answer to the complaint filed against him would show to the court as follows.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Goforth denies that he deprived the Plaintiff of any of her constitutional rights or that in any way violated Title 42 U.S.C. § 1983 or of the United States Code, the United States Constitution, the Tennessee Constitution, the common law of Tennessee or any Tennessee statute by performing his duties during his response to the events at the location described herein. .

## THIRD DEFENSE

Goforth specifically assert that he was acting in good faith and in the good-faith performance of his job and duties for which he is entitled to the defense of qualified immunity or good faith immunity from any of their actions in the reasonable performance of his duties as it relates to this Plaintiff.

## FOURTH DEFENSE

Goforth asserts that his actions were objectively reasonable in connection with his response to the events at the location described herein.

## FIFTH DEFENSE

To the extent that any of the Plaintiff's claims can be considered a Tennessee tort law claim, the Defendant specifically asserts the defense of comparative negligence. Goforth specifically asserts that the Plaintiff was guilty of comparative fault and that her fault constitutes 100% of the fault, thereby barring his claims as a matter of law.

## SIXTH DEFENSE

Goforth would submit that neither Hamilton County nor any official policymaker adopted any policy, custom, or practice as to the use of force or the arrest power with deliberate indifference or malice or sadistic motive contrary to the rights of the Plaintiff. Further, that no actions by the Hamilton County or any official policymaker was intended to deprive the Plaintiff of due process of law. Goforth would show that there was no malicious or sadistic action by him, or any officer and that no action of such officers occurred as a result of any unconstitutional policy, custom, or practice adopted by the Hamilton County.

## SEVENTH DEFENSE

The Defendant named in this lawsuit is entitled to be dismissed from it in his official capacity as any action against him in his official capacity is actually brought against a governmental entity, Hamilton County, which is already named as a Defendant in this lawsuit.

## EIGHTH DEFENSE

In the alternative, Goforth specifically assert all defenses applicable to him under the Tennessee Governmental Tort Liability Act "TGTLA", Tenn. Code Ann. § 29-20-101 *et seq.*, and incorporates by reference herein all defenses specified therein. In particular, Goforth relies upon the following provisions:

A. Tenn. Code Ann. § 29-20-205 set out nine (9) specific exceptions from liability where negligent acts or omissions of any employee occur within the scope of employment, including, but not limited to:

   i. Tenn. Code Ann. § 29-20-205(1): The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.

   ii. Tenn. Code Ann. § 29-20-205(2): False imprisonment pursuant to a traffic stop, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of privacy, or civil rights.

   iii. Tenn. Code Ann. § 29-20-205(5): The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause.

   iv. Tenn. Code Ann. § 29-20-205(6): Misrepresentation by an employee whether or not such is negligent or intentional.

B. Tenn. Code Ann. § 29-20-307 provides for the right to trial without a jury;

C. Tenn. Code Ann. § 29-20-403 limits any liability of governmental entities to the statutory limits of liability applicable as of July 7, 2012.

## NINTH DEFENSE

Goforth in his official capacities, is immune from liability and not a proper party under the TGTLA for an act or omission for which the immunity of the governmental entity is removed by the TGTLA.

## TENTH DEFENSE

The Plaintiff's Complaint is barred by the applicable statute of limitations or laches.

## ELEVENTH DEFENSE

Goforth is presently without information as to the availability or applicability of any other affirmative defenses, in addition to those plead above, and reserves the right to amend his Answer to plead any affirmative defenses or matters of avoidance.

## TWELFTH DEFENSE

With respect to the specific allegations of the Complaint, these Defendants respond as follows:

1. The allegations contained in paragraph 1 of the complaint are denied.

2. The allegations contained in paragraph 2 of the complaint do not require a response from Goforth.

3. The allegations contained in paragraph 3 of the complaint do not require a response from Goforth.

4. The allegations contained in paragraph 4 of the complaint are admitted.

5. The allegations contained in paragraph 5 of the complaint are denied.

6. The contained in paragraph 6 of the complaint are denied.

7. Goforth admits that the Hamilton County Circuit Court has original jurisdiction over state claims in this matter. Goforth denies that the Circuit Court of Hamilton County has original jurisdiction over claims under federal law and that this jurisdiction exists there only if Goforth choose not to remove it to the District Court. The remaining allegations contained in paragraph 7 are denied.

8. The allegations contained in paragraph 8 of the complaint are admitted.

9. The allegations contained in paragraph 9 of the complaint are admitted.

10. Goforth admits that Hamilton County provides funding for the operation of the Hamilton County Sheriff's Office (hereinafter referred to as HCSO). Goforth admits that the HCSO was created by statute by the State of Tennessee. As to the remaining allegations contained in paragraph 10 of the complaint, Goforth is without sufficient information or knowledge to form a belief as to said allegations and therefore denies same.

11. Goforth denies that the County created the HCSO as it was created by statutes passed by the Tennessee Legislature and the Tennessee Constitution. Goforth admits that the HCSO is a law enforcement agency that is regulated to a degree by the laws of Tennessee. The remaining allegations contained in paragraph 11 are legal conclusions and do not require a response from Goforth.

12. The allegations contained in paragraph 12 of the complaint do not require a response from Goforth.

13. The allegations contained in paragraph 13 of the complaint are admitted as to Goforth. As to the other Defendants, these allegations do not require a response from Goforth.

14. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 14 of the complaint and therefore denies same.

15. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 15 of the complaint and therefore denies same.

16. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 16 of the complaint and therefore denies same.

17. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 17 of the complaint and therefore denies same.

18. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 18 of the complaint and therefore denies same.

19. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 19 of the complaint and therefore denies same.

20. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 20 of the complaint and therefore denies same.

21. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 21 of the complaint and therefore denies same.

22. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 22 of the complaint and therefore denies same.

23. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 23 of the complaint and therefore denies same.

24. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 24 of the complaint and therefore denies same.

25. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 25 of the complaint and therefore denies same.

26. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 26 of the complaint and therefore denies same.

27. Goforth is without sufficient information and knowledge to for a belief as to the allegations contained in paragraph 27 of the complaint and therefore denies same.

28. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 28 of the complaint and therefore denies same.

29. Goforth is without sufficient information and knowledge to for a belief as to the allegations contained in paragraph 29 of the complaint and therefore denies same.

30. The allegations contained in paragraph 30 of the complaint is admitted.

31. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 31 of the complaint and therefore denies same.

32. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 32 of the complaint and therefore denies same.

33. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 33 of the complaint and therefore denies same.

34. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 34 of the complaint and therefore denies same.

35. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 35 of the complaint and therefore denies same.

36. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 36 of the complaint and therefore denies same.

37. Goforth is without sufficient information and knowledge to for a belief as to the allegations contained in paragraph 37 of the complaint and therefore denies same.

38. Goforth is without sufficient information and knowledge to for a belief as to this allegation contained in paragraph 38 of the complaint and therefore denies same.

39. Goforth is without sufficient information and knowledge to for a belief as to the allegations contained in paragraph 39 of the complaint and therefore denies same.

40. Goforth is without sufficient information and knowledge to for a belief as to the allegations contained in paragraph 40 of the complaint and therefore denies same.

41. Goforth is without sufficient information and knowledge to for a belief as to the allegations contained in paragraph 41 of the complaint and therefore denies same.

42. Goforth is without sufficient information and knowledge to for a belief as to the allegations contained in paragraph 42 of the complaint and therefore denies same.

43. Goforth is without sufficient information and knowledge to for a belief as to the allegation contained in paragraph 43 of the complaint and therefore denies same.

44. Goforth admits that when he arrived near the Soddy Lake boat ramp, Wilkey and the Plaintiff were out of their cars. He denies that he arrived at the same time as Wilkey and Riley. The remaining allegations contained in paragraph 44 of the complaint are denied.

45. The allegations contained in paragraph 45 are admitted.

46. Goforth denies the allegations contained in paragraph 46.

47. Goforth admits that Wilkey removed all of his clothes except his compression boxer shorts and a tee shirt.

48. Goforth denies the allegations contained in paragraph 48.

49. Goforth denies that Wilkey placed his hand on the Plaintiff's breast. The remaining allegations contained in paragraph 49 are admitted.

50. Goforth denies that Wilkey placed his hand on the Plaintiff's breast. Goforth admits that Wilkey submerged the Plaintiff and then quickly pulled her out of the water. The remaining allegations contained in paragraph 50 are admitted.

51. Goforth admits that the Plaintiff was shivering after exiting the water. As to the remaining allegations contained in paragraph 51, Goforth is without sufficient information and knowledge to form a belief as to those allegations and therefore denies same.

52. Goforth admits the allegations contained in paragraph 52.

53. Goforth admits that he did not intervene in the baptism as the Plaintiff was not only making statement of religious fervor but appeared to be a more than willing participant in the ceremony. Goforth admits he did not immediately report the event but did truthfully answer questions of his superior after the event when asked.

54. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 54, and therefore denies same.

55. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 55, and therefore denies same.

56. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 56, and therefore denies same.

57. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 57, and therefore denies same.

58. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 58, and therefore denies same.

59. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 59, and therefore denies same.

60. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 60, and therefore denies same.

61. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 61, and therefore denies same.

62. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 62, and therefore denies same.

63. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 63, and therefore denies same.

64. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 64, and therefore denies same.

65. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 65, and therefore denies same.

66. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 66, and therefore denies same.

67. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 67, and therefore denies same.

68. Goforth admits that Kilpatrick is employed by the Sheriff's Office presently. As to the remaining allegations contained in paragraph 68, Goforth is without sufficient information to form a belief as to these allegations and therefore denies same.

69. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 69, and therefore denies same.

70. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 70, and therefore denies same.

71. The allegations contained in paragraph 71 are denied. The action referred to is a civil action for excessive force wherein Sexton was shot to death.

72. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 72, and therefore denies same.

73. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 73, and therefore denies same.

74. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 74, and therefore denies same.

75. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 75, and therefore denies same.

76. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 76, and therefore denies same.

77. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 77, and therefore denies same.

78. The allegations contained in paragraph 78 are admitted.

79. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 79, and therefore denies same.

80. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 80, and therefore denies same.

81. Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 81, and therefore denies same.

82. The allegations contained in paragraph 82 are denied.

83. As to the allegations contained in paragraph 83, Goforth restates his answer to these paragraphs as if fully stated herein.

84. Goforth denies that the Plaintiff took any action or made any statements in his presence indicating that she did not want to be baptized. Goforth did not know when he exited his vehicle that the Plaintiff had been pulled over by Defendant Wilkey or that she had been to her house with Wilkey to retrieve towels. Goforth did not know until he was out of his car for some time observing that a baptism would occur. Therefore, Goforth denies that he had any duty to intervene in any apparently voluntary religious ritual. As a matter of training, police officers are not trained in how to intervene in religious ceremonies. Police officers are trained to render aid to those seeking it or in apparent need. This is an event completely outside of any training given to Goforth.

85. Goforth did answer all questions asked of him by his superiors when asked about this incident. He did not report his event as he thought it was a voluntary action on the part of the Plaintiff and while unusual was not aware that it violated any laws. Goforth admits he has a duty to report misconduct to his superiors up his chain of command. The remaining allegations contained in paragraph 86 are denied.

86. The allegations contained in paragraph 86 are too vague and are not directed toward a specific Deputy, therefor Goforth is without sufficient information to form a belief as to the allegations contained in paragraph 86, and therefore denies same.

87. The allegations contained in paragraph 87 are denied.

88. The allegations contained in paragraph 88 are denied.

89. The allegations contained in paragraph 89 are denied.

90. The allegations contained in paragraph 90 are denied.

91. The allegations contained in paragraph 91 are denied.

92. The allegations contained in paragraph 92 are denied.

93. The allegations contained in paragraph 93 are denied.

94. The allegations contained in paragraph 94 are denied.

95. The allegations contained in paragraph 95 are denied.

96. The allegations contained in paragraph 96 are denied.

97. The allegations contained in the second paragraph 96[1], do not address Goforth.

98. As to the allegations contained in the third paragraph 96[2], Goforth restates his answer to these paragraphs as if fully stated herein.

99. Goforth denies that the Plaintiff took any action or made any statements in his presence indicating that she did not want to be baptized. The remaining allegations contained in the paragraph marked 97 are denied.

100. Goforth admits that he did not report this event immediately, but when asked by his superior he honestly answered questions about it. Goforth admits he has a duty to report misconduct to his superiors up his chain of command. The remaining allegations contained in the paragraph marked 98 are denied.

---

[1] This paragraph is mistakenly marked 96. There are three paragraphs marked 96.
[2] This paragraph is mistakenly marked 96. There are three paragraphs marked 96.

101. Goforth denies that the Plaintiff was in his custody. Goforth became aware of the traffic stop by Defendant Wilkey and the circumstances leading up to the baptism only after he was out of his car the baptism was about to occur. The remaining allegations contained in the paragraph marked 99 are so vague as to require this Defendant to state that he is without sufficient information or knowledge to form a belief as to those allegations and therefore deny same.

102. Goforth denies that the Plaintiff was in his custody. Goforth became aware of the traffic stop by Defendant Wilkey and the circumstances leading up to the baptism only after he was out of his car the baptism was about to occur. Goforth admits that he did not report this event immediately, but when asked by his superior he honestly answered questions about it. Goforth admits he has a duty to report misconduct to his superiors up his chain of command. The remaining allegations contained in the paragraph marked 100 are denied.

103. Goforth admits that Hamilton County has a duty to properly train its Deputies. The remaining allegations contained in the paragraph marked 101 are denied.

104. The allegations contained in the paragraph marked 102 are denied.

105. The allegations contained in the paragraph marked 103 are denied.

106. The allegations contained in the paragraph marked 104 are denied.

107. The allegations contained in the paragraph marked 105 are denied.

108. The allegations contained in the paragraph marked 106 are denied.

109. The allegations contained in the paragraph marked 107 are denied.

110. The allegations contained in the paragraph marked 108 are denied.

111. The allegations contained in the paragraph marked 109 are denied.

112. The allegations contained in the paragraph marked 110 are denied.

113. The allegations contained in the paragraph marked 111 are denied.

114. The allegations contained in the paragraph marked 112, do not address Goforth.

115. As to the allegations contained in the paragraph marked 113, Goforth restates his answer to these paragraphs as if fully stated herein.

116. Goforth denies that he seized the Plaintiff at any time and therefore denies the allegations contained in the paragraph marked 114.

117. Goforth denies the allegations contained in the paragraph marked 115.

118. The allegations contained in the paragraph marked 116 are denied.

119. The allegations contained in the paragraph marked 117 are denied.

120. The allegations contained in the paragraph marked 118 are denied.

121. The allegations contained in the paragraph marked 119 are denied.

122. The allegations contained in the paragraph marked 120 are denied.

123. The allegations contained in the paragraph marked 121 are denied.

124. The allegations contained in the paragraph marked 122 are denied.

125. The allegations contained in the paragraph marked 123 are denied.

126. The allegations contained in the paragraph marked 124 are denied.

127. The allegations contained in the paragraph marked 125 do not require a response.

128. As to the allegations contained in the paragraph marked 126, Goforth restates his answer to these paragraphs as if fully stated herein.

129. Goforth denies seeing Defendant Wilkey take any of the actions described in the paragraph marked 127 and therefore denies the allegations contained therein.

130. Goforth denies seeing Defendant Wilkey take any of the actions described in the paragraph marked 128 and therefore denies the allegations contained therein.

131. The allegations contained in the paragraph marked 129 are denied.

132. The allegations contained in the paragraph marked 130 are denied.

133. The allegations contained in the paragraph marked 131 are denied.

134. The allegations contained in the paragraph marked 132 are denied.

135. The allegations contained in the paragraph marked 133 are denied.

136. The allegations contained in the paragraph marked 134 are denied.

137. The allegations contained in the paragraph marked 135 are denied.

138. The allegations contained in the paragraph marked 136 are denied.

139. The allegations contained in the paragraph marked 137 are denied.

140. The allegations contained in the paragraph marked 138 do not pertain to Goforth.

141. As to the allegations contained in the paragraph marked 139, Goforth restates his answer to these paragraphs as if fully stated herein.

142. The allegations contained in the paragraph marked 140 are admitted.

143. The paragraph marked 141 contains legal conclusions of which Goforth has no knowledge of he therefore denies same.

144. Goforth admits that the Tennessee Constitution states in article I, section 13 that no person arrested shall be treated with "unnecessary rigor". Goforth did not arrest, seize or even touch the Plaintiff. Goforth did not charge the Plaintiff with any crime. Therefore, Goforth denies the remaining allegations contained in the paragraph marked 142.

145. The allegations contained in the paragraph marked 143 are denied.

146. Goforth admits that the County has a duty to train, supervise and discipline it's Deputies where appropriate and it includes reporting misconduct. The remaining allegations contained in the paragraph marked 144 are denied.

147. The allegations contained in the paragraph marked 145 are denied.

148. The allegations contained in the paragraph marked 146 do not require a response.

149. As to the allegations contained in the paragraph marked 147, Goforth restates his answer to these paragraphs as if fully stated herein.

150. Goforth did not arrest, seize or even touch the Plaintiff. Goforth did not charge the Plaintiff with any crime. Therefore, Goforth denies the allegations contained in the paragraph marked 148.

151. The allegations contained in the paragraph marked 145 are denied.

152. The allegations contained in the paragraph marked 150 do not require a response.

153. As to the allegations contained in the paragraph marked 151, Goforth restates his answer to these paragraphs as if fully stated herein.

154. Goforth is without sufficient information to form a belief as to the allegations contained in the paragraph marked 152, and therefore denies same.

155. Goforth is without sufficient information to form a belief as to the allegations contained in the paragraph marked 153, and therefore denies same.

156. The allegations contained in the paragraph marked 154 do not require a response.

157. As to the allegations contained in the paragraph marked 155, Goforth restates his answer to these paragraphs as if fully stated herein.

158. The allegations contained in the paragraph marked 156 are denied.

159. The allegations contained in the paragraph marked 157 are denied.

160. The allegations contained in the paragraph marked 158 do not require a response.

161. The allegations contained in the paragraph marked 159 do not require a response.

162. Goforth is without sufficient information to form a belief as to the allegations contained in the paragraph marked 160, and therefore denies same.

163. Goforth is without sufficient information to form a belief as to the allegations contained in the paragraph marked 161, and therefore denies same.

164. The allegations contained in the paragraph marked 162 does not require a response.

165. As to the allegations contained in the paragraph marked 163, Goforth restates his answer to these paragraphs as if fully stated herein.

166. The allegations contained in the paragraph marked 164 are so vague that Goforth cannot form a belief as to them and therefore denies same.

167. The allegations contained in the paragraph marked 165 are denied.

168. The allegations contained in the paragraph marked 166 are denied.

169. The allegations contained in the paragraph marked 167 are denied.

170. The allegations contained in the paragraph marked 168 does not require a response.

171. Goforth denies that the Plaintiff is entitled to any award of any type of damages against him whether those be compensatory, punitive, attorney fees, the cost of litigation, discretionary costs, court costs or any form of damages sought by the Plaintiff.

172. Any and all allegations not specifically denied are generally denied.

Now having fully answered the complaint filed against him, Goforth request it be dismissed with his costs. In the alternative, Goforth demands a jury be empaneled to try the issues when joined.

Respectfully submitted,

**TIDWELL AND ASSOCIATES**

*/s/W. Gerald Tidwell, Jr.*
**W. Gerald Tidwell, Jr., BPR#10136**
P. O. Box 4369
Chattanooga, TN 37405
Phone: (423) 602-7511
Fax: (423) 602-7515
*Attorney for Defendant Deputy Goforth*
wgt@tidwellandassociates.com