# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

SHANDLE MARIE RILEY,                          :
                                              :
      Plaintiff,                               :
                                              :
v.                                            :
                                              :   DOCKET NO. 1:19-cv-00304-TRM-CHS
HAMILTON COUNTY GOVERNMENT,                   :
                                              :       **JURY DEMAND**
DEPUTY DANIEL WILKEY, in his capacity         :
as a deputy sheriff for Hamilton County       :
Government and, in his individual capacity,   :
                                              :
DEPUTY JACOB GOFORTH, in his capacity         :
as a deputy sheriff for Hamilton County       :
Government and, in his individual capacity,   :
                                              :
      Defendants.                              :

## ANSWER TO COMPLAINT

**COMES NOW** Deputy Daniel Wilkey, by and through undersigned counsel and hereby

responds to the Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

1.      In response to the allegations of Paragraph 1 of the Plaintiff's Complaint, no

response is required, as it is simply a paragraph detailing the relief sought. To the extent a

response is required, the allegations contained therein are denied.

2.      In response to the allegations of Paragraph 2, the allegations are not directed at

this Defendant and therefore, no response is necessary. To the extent a response is required, this

allegation is admitted.

3.    The allegations of Paragraph 3 of the Plaintiff's Complaint are admitted, but the Defendant denies any negligence, misconduct or deprivation of rights.

4.    In response to the allegations of Paragraph 4, the allegations are not directed at this Defendant and therefore, no response is necessary. To the extent a response is required, this allegation is admitted.

5.    The allegations of Paragraph 5 of the Plaintiff's Complaint are denied, and strict proof is demanded.

6.    The allegations of Paragraph 6 of the Plaintiff's Complaint are denied, and strict proof is demanded.

7.    In response to the allegations of Paragraph 7, it is admitted that this is a Section 1983 action and that this Court has jurisdiction to hear the claims. All other allegations are denied.

8.    In response to the allegations of Paragraph 8 (a) – (c), the Defendant admits that venue is proper in this Court. However, it is denied Deputy Wilkey is a resident of Hamilton County. He is a resident of Rhea County, Tennessee. It is unknown whether Plaintiff is a resident of Hamilton County and therefore the allegation is denied.

9.    In Response to the allegations of Paragraph 9, it is believed upon information and belief, that the Plaintiff is a resident and citizen of the State of Tennessee.

10.    In response to the allegations of Paragraph 10 (a) – (b), these allegations are not directed at this Defendant and therefore, no response is necessary. To the extent a response is required, Deputy Wilkey was hired by Hamilton County and has no further knowledge of any of the allegations contained therein. All other allegations are denied.

11.     In response to the allegations of Paragraph 11 (a-d), these allegations are not directed at this Defendant and therefore, no response is necessary. To the extent a response is required, the allegations are denied as stated, as there was no misconduct by any officer.

12.     The allegations of Paragraph 12 of the Plaintiff's Complaint are admitted.

13.     In response to the allegations of Paragraph 13 and subparts (a), (b) and (c), the Defendant responds as follows:

The allegations of Paragraph 13 are admitted.

In response to subpart (a), the allegations are admitted, but any claims of negligence or intentional misconduct are denied.

In response to subpart (b), the allegations are admitted, but any claims of negligence or intentional misconduct are denied.

In response to subpart (c), the allegations are admitted, but any claims of negligence or intentional misconduct are denied.

14.     In response to the allegations of Paragraph 14 of Plaintiff's Complaint, it is admitted that on February 6, 2019 the Plaintiff was driving a 2016 Chrysler. However, the time noted in the Complaint is inaccurate, and therefore denied.

15.     In response to the allegations of Paragraph 15, the allegations are admitted.

16.     In response to the allegations of Paragraph 16, the allegations are admitted.

17.     In response to the allegations of Paragraph 17, it is admitted that the Plaintiff exited her vehicle and went into the gas station. It is unknown to the Defendant whether she paid for cigarettes and gas, and is therefore denied. However, it should be noted that the Plaintiff, a known drug dealer, entered the gas station with another woman and came out holding a small bag.

18. In response to the allegations of Paragraph 18, it is admitted that the Plaintiff drove away from the gas station. The remaining allegations of this paragraph are unknown to this Defendant, and therefore denied.

19. In response to the allegations of Paragraph 19, the allegations are denied as stated. Deputy Wilkey turned on his lights to initiate a stop long before he arrived at the residence.

20. In response to the allegations of Paragraph 20, it is admitted that Deputy Wilkey approached the Plaintiff as she sat in her vehicle. The remaining allegations are denied as stated. The Plaintiff admitted to having marijuana in the vehicle and at that point Deputy Wilkey asked her to exit the vehicle so he could conduct a lawful search of the vehicle.

21. In response to the allegations of Paragraph 21, the allegations are denied as stated. After the Plaintiff confessed to possession of marijuana, the Defendant inquired as to whether she possessed any other narcotics.

22. In response to the allegations of Paragraph 22, the allegations are admitted.

23. In response to the allegations of Paragraph 23, it is admitted that Deputy Wilkey conducted a search of the Plaintiff's person, as she admitted possessing drugs, which is standard procedure. The remaining allegations regarding lawful justification and the areas which Deputy Wilkey touched the Plaintiff are denied, and strict proof is demanded thereof.

24. In response to the allegations of Paragraph 24, it is admitted that Deputy Wilkey asked the Plaintiff to shake out her bra as that is a common area where criminals keep drugs. The remaining allegations of the paragraph are denied.

25. In response to the allegations of Paragraph 25, the allegations are denied as stated.

26. In response to the allegations of Paragraph 26, the allegations are denied as stated. The Plaintiff did not hand over the marijuana. Deputy Wilkey found it in the center console.

27.     In response to the allegations of Paragraph 27, the allegations are admitted.

28.     In response to the allegations of Paragraph 28, the allegations are admitted.

29.     In response to the allegations of Paragraph 29, the allegations are denied as stated. The Defendant questioned the Plaintiff about other drugs in the car, but made no insulting remarks.

30.     In response to the allegations of Paragraph 30, the allegations are admitted.

31.     In response to the allegations of Paragraph 31, the allegations are denied as stated.

32.     In response to the allegations of Paragraph 32, the allegations are denied as stated.

33.     In response to the allegations of Paragraph 33, the allegations are denied. Unprompted, the Plaintiff specifically requested Deputy Wilkey to baptize her.

34.     In response to the allegations of Paragraph 34, the allegations are denied.

35.     In response to the allegations of Paragraph 35, the allegations are admitted as to the deputy leaving the scene. The Plaintiff was the first to discuss the subject of baptism and not Deputy Wilkey. All remaining allegations are denied.

36.     In response to the allegations of Paragraph 36, the allegations are admitted insofar as Plaintiff requested Defendant to baptize her.

37.     In response to the allegations of Paragraph 37 and subpart (a), the allegations are denied as stated, as the Plaintiff requested Deputy Wilkey to baptize her. Further, no deal was made with Plaintiff to avoid prosecution, as the citation was almost complete when Plaintiff began discussing baptism. Defendant did not go to court to speak on behalf of the Plaintiff. All remaining allegations are denied.

38.     In response to the allegations of Paragraph 38, the allegations are admitted as Plaintiff requested she be baptized.

39. In response to the allegations of Paragraph 39, Deputy Wilkey was not present for this conversation and has no way of knowing whether the recitation of the events is accurate. To the extent a response is required, it is denied.

40. In response to the allegations of Paragraph 40, Deputy Wilkey was not present for this conversation and has no way of knowing whether the recitation of the events is accurate. To the extent a response is required, it is denied.

41. In response to the allegations of Paragraph 41, the allegations are admitted as Plaintiff wanted to be baptized and specifically requested it of Defendant. She was under no compulsion to be baptized or to follow Wilkey.

42. In response to Paragraph 42 of Plaintiff's Complaint, the allegation regarding where the parties were going are denied as stated and further, Wilkey did not take Plaintiff anywhere, she willingly followed him in her own car and of her own choice. Regarding the allegation of whether the Plaintiff felt free to ignore Wilkey is denied. She was told multiple times that she did not have to go with him and was free to leave after receiving the citation. All other allegations are denied.

43. In response to the allegations of Paragraph 43, the allegations are admitted.

44. In response to the allegations of Paragraph 44, Deputy Goforth arrived around the same time as Deputy Wilkey.

45. In response to the allegations of Paragraph 45, the allegations are admitted.

46. In response to the allegations of Paragraph 46, the allegations are denied.

47. In response to the allegations of Paragraph 47, the allegations are denied.

48. In response to the allegations of Paragraph 48, the allegations are denied.

49.     In response to the allegations of Paragraph 49, it is admitted that Deputy Wilkey submerged the Plaintiff, at her request and with her consent, while having one hand on her back and the other on her wrist for safety purposes. All other allegations in this paragraph are denied.

50.     In response to the allegations of Paragraph 50, the allegations are denied.

51.     In response to the allegations of Paragraph 51, the allegations are denied as the Plaintiff told Deputy Wilkey she was happy.

52.     In response to the allegations of Paragraph 52, the allegations are admitted.

53.     In response to the allegations of Paragraph 53, the allegations are not directed at this Defendant and therefore, no response is necessary. To the extent a response is required, the allegations are denied as the Defendant does not have the requisite knowledge to respond.

54.     In response to the allegations of Paragraph 54, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

55.     In response to the allegations of Paragraph 55, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

56.     In response to the allegations of Paragraph 56, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

57.     In response to the allegations of Paragraph 57, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

58.     In response to the allegations of Paragraph 58, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

59.     In response to the allegations of Paragraph 59, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

60.     In response to the allegations of Paragraph 60, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

61.     In response to the allegations of Paragraph 61, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

62.     In response to the allegations of Paragraph 62, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations

contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

63.     In response to the allegations of Paragraph 63, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

64.     In response to the allegations of Paragraph 64, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

65.     In response to the allegations of Paragraph 65, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

66.     In response to the allegations of Paragraph 66, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

67.     In response to the allegations of Paragraph 67, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

68.     In response to the allegations of Paragraph 68, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

69.     In response to the allegations of Paragraph 69, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

70.     In response to the allegations of Paragraph 70, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

71.     In response to the allegations of Paragraph 71, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

72.     In response to the allegations of Paragraph 72, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

73.     In response to the allegations of Paragraph 73, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations

contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

74. In response to the allegations of Paragraph 74, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

75. In response to the allegations of Paragraph 75, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

76. In response to the allegations of Paragraph 76, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

77. In response to the allegations of Paragraph 77, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

78. The allegations of Paragraph 78 of the Plaintiff's Complaint are admitted.

79. In response to the allegations of Paragraph 79, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

80.     In response to the allegations of Paragraph 80, these allegations are directed at the County.     Therefore, no response is necessary.     To the extent a response is required, the allegations are denied except that Hammond did note that Deputy Wilkey was a good officer.

81.     In response to the allegations of Paragraph 81, the allegations are denied as there was nothing questionable about Deputy Wilkey's defense of himself and innocent civilians in shooting a man in the line of duty who was posing an imminent threat to Deputy Wilkey and the public at a hospital.

82.     In response to the allegations of Paragraph 82, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein.  Therefore, no response is necessary.  To the extent a response is required, the allegations are denied.

83.     In response to Paragraph 83, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses.

84.     In response to the allegations of Paragraph 84, the allegations are denied as stated. The Plaintiff requested she be baptized so she could turn away from her life of drug abuse and crime.

85.     In response to the allegations of Paragraph 85, the allegations are denied as stated as there was no misconduct.

86.     In response to the allegations of Paragraph 86, the allegations are denied as stated.

87.     In response to the allegations of Paragraph 87, the allegations are denied.

88.     In response to the allegations of Paragraph 88, these allegations are denied.

89.     In response to the allegations of Paragraph 89, these allegations are denied.

90.     In response to the allegations of Paragraph 90, these allegations are denied.

91.     In response to the allegations of Paragraph 91, the allegations are denied and strict proof is demanded.

92.     In response to the allegations of Paragraph 92, these allegations are denied.

93.     In response to the allegations of Paragraph 93, these allegations are denied.

94.     In response to the allegations of Paragraph 94, these allegations are denied.

95.     In response to the allegations of Paragraph 95, these allegations are denied.

96.     In response to the allegations of Paragraph 96, it is admitted that Deputy Wilkey acted under the color of law in the performance of his duties. However, the remaining allegations of this paragraph are denied and strict proof is demanded.

96.     In response to the allegations of Paragraph 96, this paragraph indicates who the Plaintiff is suing, and therefore no response is necessary. To the extent a response is necessary, Defendant denies any negligence or wrongdoing in the performance of his duties.[1]

96.     In response to Paragraph 96, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses, though no response is requested.[2]

97.     In response to the allegations of Paragraph 97, the allegations are denied as stated. The Plaintiff requested she be baptized so she could turn away from her life of crime and drugs.

98.     In response to the allegations of Paragraph 98, the allegations are denied as stated as there was no misconduct.

99.     In response to the allegations of Paragraph 99, the allegations are denied as stated as the Plaintiff was not in custody.

100.    In response to the allegations of Paragraph 100, the allegations are denied as stated.

---

[1] This is a misnumbered paragraph, but we will keep it Paragraph 96 for consistency purposes.
[2] This is a misnumbered paragraph, but we will keep it Paragraph 96 for consistency purposes.

101.     In response to the allegations of Paragraph 101, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

102.     In response to the allegations of Paragraph 102, the allegations are denied as stated.

103.     In response to the allegations of Paragraph 103, these allegations are denied.

104.     In response to the allegations of Paragraph 104, these allegations are denied.

105.     In response to the allegations of Paragraph 105, these allegations are denied.

106.     In response to the allegations of Paragraph 106, the allegations are denied and strict proof is demanded.

107.     In response to the allegations of Paragraph 107, these allegations are denied.

108.     In response to the allegations of Paragraph 108, these allegations are denied.

109.     In response to the allegations of Paragraph 109, these allegations are denied.

110.     In response to the allegations of Paragraph 110, these allegations are denied.

111.     In response to the allegations of Paragraph 111, it is admitted that Deputy Wilkey acted under the color of law in the performance of his duties. However, the remaining allegations of this paragraph are denied and strict proof is demanded.

112.     In response to the allegations of Paragraph 112, this paragraph indicates who the Plaintiff is suing, and therefore no response is necessary. To the extent a response is necessary, Defendant denies any negligence or wrongdoing in the performance of his duties.

113.     In response to Paragraph 113, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses, though no response is requested.

114.    In response to the allegations of Paragraph 114, the allegations are denied as stated as the Plaintiff was in possession of drugs and was issued a citation.

115.    In response to the allegations of Paragraph 115, the allegations are denied. The Plaintiff requested to be baptized in order that she would turn from her life of drugs and crime. There was no coercion.

116.    In response to the allegations of Paragraph 116, these allegations are denied.

117.    In response to the allegations of Paragraph 117, these allegations are denied.

118.    In response to the allegations of Paragraph 118, these allegations are denied.

119.    In response to the allegations of Paragraph 119, the allegations are denied as there was nothing questionable about Deputy Wilkey's defense of himself in shooting a man in the line of duty who was posing an imminent threat to Deputy Wilkey and to innocent citizens at a hospital.

120.    In response to the allegations of Paragraph 120, these allegations are denied.

121.    In response to the allegations of Paragraph 121, these allegations are denied.

122.    In response to the allegations of Paragraph 122, these allegations are denied.

123.    In response to the allegations of Paragraph 123, these allegations are denied.

124.    In response to the allegations of Paragraph 124, it is admitted that this Defendant acted under the color of law in performance of his duties. However, the remaining allegations of this paragraph are denied and strict proof is demanded.

125.    In response to the allegations of Paragraph 125, this paragraph indicates who the Plaintiff is suing, and therefore no response is necessary. To the extent a response is necessary, Defendant denies any negligence or wrongdoing in the performance of his duties.

126. In response to Paragraph 126, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses.

127. In response to the allegations of Paragraph 127, the allegations are denied. The Defendant at no time touched the genitals of the Plaintiff and committed no sexual battery. Such is completely without basis and strict proof is demanded. The remaining allegations are denied.

128. In response to the allegations of Paragraph 128, the allegations are denied. Wilkey at no time fondled the Plaintiff. All remaining allegations are denied.

129. In response to the allegations of Paragraph 129, these allegations are denied.

130. In response to the allegations of Paragraph 130, these allegations are denied.

131. In response to the allegations of Paragraph 131, these allegations are denied.

132. In response to the allegations of Paragraph 132, the allegations are denied as there was nothing questionable about Deputy Wilkey's defense of himself in shooting a man in the line of duty who was posing an imminent threat to Deputy Wilkey and to innocent citizens at a hospital.

133. In response to the allegations of Paragraph 133, these allegations are denied.

134. In response to the allegations of Paragraph 134, these allegations are denied.

135. In response to the allegations of Paragraph 135, these allegations are denied.

136. In response to the allegations of Paragraph 136, these allegations are denied.

137. In response to the allegations of Paragraph 137, it is admitted that this Defendant acted under the color of law in performance of his duties. However, the remaining allegations of this paragraph are denied and strict proof is demanded.

138.    In response to the allegations of Paragraph 138, this paragraph indicates who the Plaintiff is suing, and therefore no response is necessary.  To the extent a response is necessary, Defendant denies any negligence or wrongdoing in the performance of his duties.

139.    In response to Paragraph 139, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses, though no response is requested.

140.    In response to the allegations of Paragraph 140, it is admitted that Deputy Wilkey acted under the color of his office as a deputy sheriff for the County.  However, the Defendant denies the allegations of wrongdoing as stated herein.

141.    In response to the allegations of Paragraph 141 of the Complaint, this is a recitation of law which must be proven by a preponderance of the evidence.  Therefore, no response is necessary, but to the extent a response is required, it is admitted.

142.    In response to the allegations of Paragraph 142, the allegations recite the Constitution are admitted.  The remaining allegations are denied as stated as she was never under arrest or confined.

143.    In response to the allegations of Paragraph 143, the allegations are denied as the Plaintiff requested to be baptized to turn away from her life of crime.

144.    In response to the allegations of Paragraph 144, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein.  Therefore, no response is necessary.  To the extent a response is required, the allegations are denied as stated.

145.    In response to the allegations of Paragraph 145, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations

contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

146. In response to the allegations of Paragraph 146, this paragraph indicates who the Plaintiff is suing, and therefore no response is necessary. To the extent a response is necessary, Defendant denies any negligence or wrongdoing in the performance of his duties.

147. In response to Paragraph 147, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses, though no response is requested.

148. In response to the allegations of Paragraph 148, the allegations are denied.

149. In response to the allegations of Paragraph 149, the allegations are denied.

150. In response to the allegations of Paragraph 150, this paragraph indicates who the Plaintiff is suing, and therefore no response is necessary. To the extent a response is necessary, Defendant denies any negligence or wrongdoing in the performance of his duties.

151. In response to Paragraph 151, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses, though no response is requested.

152. In response to the allegations of Paragraph 152, the allegations are denied. The Plaintiff confessed to being in possession of drugs.

153. In response to the allegations of Paragraph 153, the allegations are denied.

154. In response to the allegations of Paragraph 154, this paragraph indicates who the Plaintiff is suing, and therefore no response is necessary. To the extent a response is necessary, Defendant denies any negligence or wrongdoing in the performance of his duties.

155. In response to Paragraph 155, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses, though no response is requested.

156. In response to the allegations of Paragraph 156, the allegations are denied.

157.     In response to the allegations of Paragraph 157, the allegations are denied.

158.     In response to the allegations of Paragraph 158, this paragraph indicates who the Plaintiff is suing, and therefore no response is necessary.  To the extent a response is necessary, Defendant denies any negligence or wrongdoing in the performance of his duties.

159.     In response to Paragraph 159, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses, though no response is requested.

160.     In response to the allegations of Paragraph 160, the allegations are denied.  The Plaintiff confessed to being in possession of drugs.

161.     In response to the allegations of Paragraph 161, the allegations are denied.

162.     In response to the allegations of Paragraph 162, this paragraph indicates who the Plaintiff is suing, and therefore no response is necessary.  To the extent a response is necessary, Defendant denies any negligence or wrongdoing in the performance of his duties.

163.     In response to Paragraph 163, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses, though no response is requested.

164.     In response to the allegations of Paragraph 164, the allegations are denied.

165.     In response to the allegations of Paragraph 165, the allegations are denied.

166.     In response to the allegations of Paragraph 166, the allegations are denied as stated.

167.     In response to the allegations of Paragraph 167, the allegations are denied.

168.     In response to the allegations of Paragraph 168, this paragraph indicates who the Plaintiff is suing, and therefore no response is necessary.  To the extent a response is necessary, Defendant denies any negligence or wrongdoing in the performance of his duties.

169. In response to the paragraph beginning "Wherefore" and containing subparts A – H, it is believed that this is the Plaintiff's prayer for relief, and the Defendant denies that the Plaintiff is entitled to any element of their prayer for relief.

170. Anything not admitted or explained or otherwise responded to is denied as if separately set forth.

## AFFIRMATIVE DEFENSES
### THIRD DEFENSE

171. To the extent that any state law claims are alleged in the Complaint, all such claims of the Plaintiff are governed by the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101, *et seq.,* ("GTLA"), and Wilkey is entitled to all defenses, immunities, and protections of said Act.

### FOURTH DEFENSE

172. Wilkey cannot be held liable for any damages claimed by Plaintiff on the grounds that the alleged injury sustained by the Plaintiff was not directly related to any unconstitutional action or practice on the part of Wilkey.

### FIFTH DEFENSE

173. Wilkey further states that, relative to the Plaintiff's claims under GTLA, a jury trial is not permissible.

### SIXTH DEFENSE

174. Wilkey acted at all times in good faith in accordance with common law, statutory law, and constitutional obligations without any actual intent to cause the Plaintiff harm.

### SEVENTH DEFENSE

175. Wilkey's liability for punitive damages, if any, which is denied, is limited by the Due Process Clause of the United States Constitution.

## EIGHTH DEFENSE

176.     The Plaintiff's claims fail to rise to the level of constitutional violations sufficient to state a claim pursuant to 42. U.S.C. § 1983 ("Section 1983").

## NINTH DEFENSE

177.     Wilkey was not deliberately indifferent.

## TENTH DEFENSE

178.     To the extent that the Plaintiff raises a claim pursuant to the provisions of the Tennessee Constitution, Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution.

## ELEVENTH DEFENSE

179.     Wilkey did not have the mental state of criminal recklessness, so as to constitute deliberate indifference with regard to the Plaintiff.

## TWELFTH DEFENSE

180.     Wilkey asserts an intent to seek attorney fees and costs of this litigation as to federal claims made against him as a prevailing party, pursuant to Fed. R. Civ. P. 54.

## THIRTEENTH DEFENSE

181.     Wilkey further asserts an intent to seek attorneys' fees and costs as to state law claims made against him as a prevailing party, having been sued in his individual capacity for actions taken in his official capacity and under color of law, pursuant to Tennessee Code Annotated § 29-20-113(a).

## FOURTEENTH DEFENSE

182.     Wilkey asserts the defenses of sovereign immunity and the Doctrine of Qualified Immunity to the fullest extent allowed by law, which should act as a complete bar to any liability.

## FIFTEENTH DEFENSE

183.    This Defendant raises the defense of the Plaintiff's own Comparative Fault as the Plaintiff requested that officers baptize her.  The Plaintiff brought up the idea and she was advised she could leave at any point, but she wanted to be baptized.  The Plaintiff's own fault should be considered in this matter.

## SIXTEENTH DEFENSE

184.    Plaintiff was not deprived of any constitutionally protected life, liberty, or property interest without due process of law, nor did this Defendant violate Plaintiff's rights under any provision of or amendments to the United States Constitution, any other United States laws, any provisions of or amendments to the Tennessee Constitution, or any other Tennessee laws.

## SEVENTEENTH DEFENSE

185.    To the extent as may be shown by the evidence through discovery, this Defendant asserts the affirmative defenses of assumption of the risk, estoppel, laches, statute of limitations, contributory/comparative negligence, failure of Plaintiff to exercise ordinary care for her own safety, failure to avoid consequences, and failure to mitigate damages.

## EIGHTEENTH DEFENSE

186.    Plaintiff's injuries and damages, if any, resulted from the voluntary and intentional conduct of Plaintiff or others and not from any conduct of this Defendant or those over whom this Defendant had any control.

## NINETEENTH DEFENSE

187.    Plaintiff's injuries and damages, if any, were caused by the deliberate, criminal conduct of Plaintiff, and such criminal conduct supersedes any and all negligence of liability, if any, on the part of this Defendant.

## TWENTIETH DEFENSE

188.     At all times relevant, Wilkey acted within the course and scope of his employment and under color of law as a police officer.

## TWENTY-FIRST DEFENSE

189.     This Defendant's actions were objectively reasonable based on the facts known to him at the time and did not violate the Plaintiff's constitutional rights. Moreover, none of the actions of this Defendant, in his individual capacity, violated any statutory or common laws of the State of Tennessee.

## TWENTY-SECOND DEFENSE

190.     The Plaintiff failed to personally serve this Defendant in his individual capacity with the Complaint and process and only left a copy with the Sheriff's Department. Such is improper service and this matter should be dismissed with costs levied against the Plaintiff.

## TWENTY-THIRD DEFENSE

191.     Wilkey specifically asserts that he was acting in good faith and in the good-faith performance of his duties for which he is entitled to the defense of quality immunity or good faith immunity from any of his actions in the reasonable performance of his duties as it relates to this Plaintiff.

## TWENTY-FOURTH DEFENSE

192.     Wilkey would submit that neither Hamilton County, nor any official policymaker adopted any policy, custom, or practice as to the use of force or the arrest power with deliberate indifference or malice or sadistic motive, contrary to the rights of the Plaintiff. Further, that no actions by Hamilton County or any official policymaker was intended to deprive the Plaintiff of due process of law. Wilkey would show that there was no malicious or sadistic action by him, or

any officer and that no action of such officers occurred as a result of any unconstitutional policy, custom, or practice adopted by Hamilton County.

**TWENTY-FIFTH DEFENSE**

193. This Defendant named in this lawsuit is entitled to be dismissed in his official capacity, as any action against him in his official capacity is actually brought against a governmental entity, Hamilton County, which is already named as a Defendant in this lawsuit.

**TWENTY-SIXTH DEFENSE**

194. In the alternative, Wilkey specifically asserts all defenses applicable to him under the Tennessee Governmental Tort Liability Act "TGTLA", Tenn. Code Ann. § 29-20-101 *et seq.*, and incorporates by reference herein all defenses specified therein. In particular, Wilkey relies upon the following provisions:

A. Tenn. Code Ann. § 29-20-205 sets out nine (9) specific exceptions from liability where negligent acts or omissions of any employee occurring within the scope of employment, including, but not limited to:

    i. Tenn. Code Ann. § 29-20-205(1): The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.

    ii. Tenn. Code Ann. § 29-20-205(2): False imprisonment pursuant to a traffic stop, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of privacy, or civil rights.

    iii. Tenn. Code Ann. § 29-20-205(5): The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause.

   iv. <u>Tenn. Code Ann.</u> § 29-20-205(6): Misrepresentation by an employee whether or not such is negligent or intentional.

B. <u>Tenn. Code Ann.</u> § 29-20-307 provides for the right to trial without a jury;

C. <u>Tenn. Code Ann.</u> § 29-20-403 limits any liability of governmental entities to the statutory limits of liability applicable as of July 7, 2012.

<b>TWENTY-SEVENTH DEFENSE</b>

195. Wilkey in his official capacities, is immune from liability and not a proper party under the TGTLA for an act or omission for which the immunity of the governmental entity is removed by the TGTLA.

<b>TWENTY-EIGHTH DEFENSE</b>

196. Wilkey is presently without information as to the availability or applicability of any other affirmative defenses, in addition to those pled above, and reserves the right to amend his Answer to hereinafter plead any affirmative defenses or matters of avoidance available under <u>Fed. R. Civ. P.</u> 8.

  **WHEREFORE**, premises considered, Deputy Daniel Wilkey respectfully requests that this Court dismiss the claims of the Plaintiff and assess all costs against the Plaintiff.

    Respectfully submitted,

    CHAMBLISS, BAHNER & STOPHEL, P.C.


    By: <u>/s/ *James F. Exum III*</u>
      James Exum (BPR No. 025377)
      Logan C. Threadgill (BPR No. 034470)
    Liberty Tower
    605 Chestnut Street, Suite 1700
    Chattanooga, TN 37450
    Telephone: (423) 756-3000
    Facsimile: (423) 265-9574

    *Attorneys For Defendant Deputy Daniel Wilkey*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing *Answer to Complaint* with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated this 19th day of February, 2020.

/s/ *James F. Exum III*
James Exum