UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHANDLE MARIE RILEY, ) | |
| ) | Case No. 1:19-cv-304 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| HAMILTON COUNTY GOVERNMENT, ) | |
| DANIEL WILKEY, individually and in his ) | |
| capacity as a deputy sheriff for Hamilton ) | |
| County Government, and JACOB ) | |
| GOFORTH, individually and in his ) | |
| capacity as a deputy sheriff for Hamilton ) | |
| County Government, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM AND ORDER

Before the Court are Defendant Daniel Wilkey's renewed motion for stay of proceedings (Doc. 16) and Defendant Jacob Goforth's second motion for stay of proceedings (Doc. 21). Wilkey and Goforth request a stay of proceedings in this case until the Hamilton County criminal proceedings pending against Wilkey have concluded. (Doc. 16 at 2; Doc. 21, at 3.) For the following reasons, both motions (Docs. 16, 21) will be **DENIED**.

### I. BACKGROUND

This case concerns allegations of misconduct by Defendant's Wilkey and Goforth during his employment as a deputy sheriff for Defendant Hamilton County. (*See* Doc. 1-1, at 4–8.) In particular, Plaintiff's allegations concern sexual assault and forced baptism during a traffic stop late at night. (*See id.*) Defendant Wilkey was indicted in Hamilton County Criminal Court on December 10, 2019, on 44 criminal counts. (Doc. 16, at 1; Doc. 16-1.) Five of the counts in the

indictment relate to the conduct complained of by Plaintiff: one count of extortion, one count of false imprisonment, one count of official oppression, one count of assault, and one count of stalking. (Doc. 16, at 1; Doc. 16-1.) Defendant Goforth was not indicted on any criminal charges relating to this incident. (*See* Doc. 21, at 2.)

Plaintiff commenced this action on October 1, 2019, asserting claims for (i) violation of her First Amendment right to freedom of religion, brought pursuant to 42 U.S.C. § 1983; (ii) failure to protect and render aid, brought pursuant to § 1983; (iii) unreasonable seizure, brought pursuant to § 1983; (iv) unreasonable search, brought pursuant to § 1983; (v) negligence; (vi) battery; (vii) assault; and (viii) intentional infliction of emotional distress. (*See* Doc. 1-1, at 12–26.) Wilkey filed his renewed motion to stay on December 11, 2019 (Doc. 16), and Goforth filed his second motion to stay on December 19, 2019 (Doc. 21). Plaintiff has responded to both motions (Docs. 29, 30),[1] and the motions are ripe for review.

## II. STANDARD OF REVIEW

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the district court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)). Accordingly, district courts have "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *Id.* at 627 (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). Nevertheless, "[a] stay of civil

---

[1] Plaintiff also filed a motion for an extension of time in which to file her response to the motions (Doc. 27), which the Court hereby **GRANTS**.

proceedings due to a pending criminal investigation is an extraordinary remedy," and "nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment." *Id.* (citations and internal quotation marks omitted).

District courts considering a stay of civil proceedings look at the following factors: (1) "the extent to which the issues in the criminal case overlap with those presented in the civil case"; (2) "the status of the case, including whether the defendants have been indicted"; (3) "the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay"; (4) "the private interests of and burden on the defendants"; (5) "the interests of the courts"; and (6) "the public interest." *Id.* The balance of these factors is the most important consideration; however, courts also consider "the extent to which the defendant's fifth amendment rights are implicated" and "whether granting the stay will further the interest in economical use of judicial time and resources." *Id.* at 627–28 (citations omitted). The party seeking the stay bears the burden of showing "pressing need for delay" and "neither the other party nor the public will suffer harm from entry of the order." *Id.*

## III. ANALYSIS

Based on the Court's analysis of the factors and other considerations, described below, Wilkey and Goforth have not met their burdens of showing "pressing need for delay." *See id.*

### A. Overlap of the Issues

Other district courts have acknowledged that the first factor—the extent to which the civil and criminal issues overlap—is the most important factor, because the degree of overlap tends to correlate with the danger of self-incrimination. *Chao*, 498 F. Supp. 2d at 1039 (quoting *Metzler v. Bennett*, No. 97-CV-148 (RSP/GJD), 1998 WL 187454, at *6 (N.D.N.Y. Apr. 15, 1998)); *see also Sec. & Exch. Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) ("[T]he

3

Case 1:19-cv-00304-TRM-CHS   Document 47   Filed 02/26/20   Page 3 of 8   PageID #: 313

strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.").

Here, the overlap of the issues involving Defendant Wilkey is significant. The allegations in the complaint and the charges in the indictment largely relate to the same behavior by Wilkey toward Plaintiff. (*Compare* Doc. 1-1, *with* Doc. 16-1.) Nevertheless, Wilkey is not the only defendant in this case. Goforth has not been indicted on any criminal charges, so the Court cannot tell whether the civil allegations against him in this case overlap with a possible criminal investigation. Moreover, several of Plaintiff's allegations concerning Defendant Hamilton County Government's decisions and failure to supervise its employees are unrelated to the criminal charges against Wilkey. (*See* Doc. 1-1, at 8–12.) For example, Plaintiff's § 1983 claims of unreasonable search and unreasonable seizure include allegations of the County's "deliberate indifference" concerning Wilkey's actions. (*Id.* at 19, 22.) Discovery on the County's policies, practices, and decisions concerning discipline of its law enforcement officers would not overlap with the criminal charges against Wilkey. The factual overlap regarding Plaintiff's claims against Wilkey weighs in favor of a stay, the lack of overlap regarding Plaintiff's claims against the County weighs against a stay, and the lack of criminal charges against Goforth makes overlap impossible to assess. Accordingly, this factor is neutral.

### B. Status of the Case

"[T]he case for a stay is strongest where the defendant has already been indicted[.]" *Chao*, 498 F. Supp. 2d at 1037. This is so for two reasons:

> first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.

4

*F.T.C.*, 767 F.3d at 628 (citations omitted). Conversely, "courts generally do not stay proceedings in the absence of an indictment." *Id.*

In this case, Wilkey has been indicted and Goforth has not. (*See* Doc. 16-1; Doc. 21, at 2.) Even with regard to Wilkey, the factors that normally support a stay when a party has been charged in an indictment are not as strong in this case. First, as stated above, a large part of the discovery will center on the County's practices and policies, as well as others' behavior, rather than on Wilkey's behavior. (*See* Doc. 1-1, at 8–12.) Further, the Court can enter a protective order to ensure the protection of Wilkey's Fifth Amendment rights during the pendency of his criminal proceedings, which will significantly lower the risk that he will be compelled to make incriminating statements as part of the civil case. Second, although the Sixth Amendment imposes some speedy-trial restrictions on state-court criminal proceedings, the indictment against Wilkey includes 44 counts, relating to several different incidents which occurred over multiple years. The preparation on the parts of both the prosecution and defense for such a trial involving a large number of witnesses will surely take much longer than an average criminal case involving only a few counts. Consequently, a stay pending the resolution of the criminal proceedings could last years. This factor, therefore, weighs against granting either motion.

### C. Private Interests of Plaintiff

The third factor "involves balancing a plaintiff's interest in proceeding expeditiously against the prejudice that a delay would cause." *In re Flint Water Cases*, No. 5:16-cv-10444, 2019 WL 5802706, at *3 (E.D. Mich. Nov. 7, 2019). Delay is particularly harmful to a plaintiff when the risk of spoliation of evidence, failed memories, or witness unavailability is high. *See id.*; *cf. Coats v. Grand Blanc Cmty. Schs.*, No. 18-CV-12162, 2018 WL 6321916, at *2 (E.D.

5
Case 1:19-cv-00304-TRM-CHS   Document 47   Filed 02/26/20   Page 5 of 8   PageID #: 315

Mich. Dec. 3, 2018) (finding no prejudice to other parties where the stay requested would lift months before the close of discovery).

This factor weighs against granting the motions to stay. Plaintiff has an interest in having her claims resolved expeditiously, and she would be prejudiced by the long delay that would likely result from granting a stay of proceedings. As previously stated, the criminal proceedings against Wilkey are likely to last years. Such a delay would almost surely impair Plaintiff's access to discovery after the stay is lifted.

### D. Private Interests of Defendant

The fourth factor concerns the defendant's private interests and the burden on the defendant of simultaneously defending the civil and criminal cases. *See F.T.C.*, 767 F.3d at 627. This factor weighs in favor of granting a stay, as Wilkey, of course, has an interest in defending himself from criminal liability without risking incriminating himself in defending this civil action. However, as stated, the Court can adequately protect Wilkey's interest and lessen the burden on him by entering protective orders. Moreover, Goforth's interest is less substantial than Wilkey's because no criminal action has been instigated against him. *See id.* at 629 (observing that Fifth Amendment concerns are "not very compelling" when there is no indictment).

### E. Interests of the Court

The Court has an interest in efficiently managing its docket and resolving the cases before it. *See Chao*, 498 F. Supp. 2d at 1040. This action is related to a series of other cases currently pending before the undersigned. (*See* Case Nos. 1:19-cv-348, 1:20-cv-44, 1:19-cv-329, 1:20-cv-17, 1:19-cv-198, 1:20-cv-19, 1:19-cv-305, 1:20-cv-20; 1:20-cv-16.) There are a total of ten cases that involve allegations of misconduct by Wilkey, and each case involves claims

6
Case 1:19-cv-00304-TRM-CHS   Document 47   Filed 02/26/20   Page 6 of 8   PageID #: 316

against both Wilkey and Hamilton County Government. The majority, like this case, also involve claims against other deputies. (*See* Case Nos. 1:19-cv-348, 1:19-cv-329, 1:20-cv-17, 1:19-cv-198, 1:20-cv-19, 1:19-cv-305, 1:20-cv-20.) Because the factual and legal issues in these cases overlap in many ways, and they are largely being handled by the same attorneys, the Court interest would best be served by denying the motions to stay, so that discovery can proceed in all of these cases simultaneously.

### F. Public Interest

The public interest in resolving Plaintiff's claims is also significant. While the public's interest is relatively low in many civil cases, the allegations in the complaint, if true, relate to conduct by Wilkey, Goforth, and the County that is extremely harmful, not only to Plaintiff individually and others who have been directly affected, but to the entire community. The public has an interest in the expeditious resolution of claims concerning the government's abuse of power and violation of core rights. If the Court were to stay this case, the public interest would be harmed. Thus, this factor weighs strongly against staying the case.

### G. Other Considerations

In addition to the above-listed factors, courts should also consider courts "the extent to which the defendant's fifth amendment rights are implicated" and "whether granting the stay will further the interest in economical use of judicial time and resources." *F.T.C.*, 767 F.3d at 627–28 (citations omitted). Here, to the extent Wilkey's Fifth Amendment rights would be implicated, the Court can implement other remedies beside the "extraordinary remedy" of a stay of proceedings. *See id.* at 627. Accordingly, the burden on his Fifth Amendment rights will be limited. With respect to Goforth, the Court has already stated that his Fifth Amendment arguments are less compelling because he has not been indicted. *See id.* at 629. Further, as there

7
Case 1:19-cv-00304-TRM-CHS   Document 47   Filed 02/26/20   Page 7 of 8   PageID #: 317

are several cases pending in this Court concerning Defendant Wilkey—some of which overlap with the criminal charges and some of which do not—the Court's interest in economically using its time and resources weighs against a stay. Most of these cases involve identical allegations against the County, so it would be unnecessarily inefficient to stay some cases and not others based on whether a motion to stay was filed in that case and whether Wilkey was indicted for the complained-of behavior. Therefore, each of these additional considerations weighs against granting the motions to stay.

## IV. CONCLUSION

Taken together, the balance of interest weighs against granting either of the motions to stay this case. Though there is factual overlap between the criminal charges and Plaintiff's allegations against Wilkey, Wilkey has been indicted, and Wilkey's own interest weighs in favor of a stay, the Court can invoke less drastic remedies to make sure Wilkey's rights are protected. Further, the remaining factors counsel against granting a stay. For these reasons:

1. Plaintiff's motion for extension of time to respond to Defendant Wilkey's motion to stay (Doc. 27) is **GRANTED**;

2. Defendant Wilkey's renewed motion to stay (Doc. 16) is **DENIED**; and

3. Defendant Goforth's second motion to stay (Doc. 21) is **DENIED**.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　*/s/ Travis R. McDonough*
　　　　　　　　　　　　　　　　　　**TRAVIS R. MCDONOUGH**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**