**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | |
|---|---|
| **MAXWELL JARNAGIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 1:20-cv-00044-TRM-CHS |
| **vs.** | ) |
| | ) Mattice/Steger |
| **DANIEL WILKEY, and** | ) |
| **HAMILTON COUNTY TENNESSEE,** | ) |
| | ) |
| **Defendants.** | ) |

## ANSWER OF HAMILTON COUNTY AND DANIEL WILKEY

Hamilton County, Tennessee ("Hamilton County" or "the County"), and Daniel Wilkey ("Mr. Wilkey"), in his official capacity, show the following in Answer to the Complaint (Doc. 1-1) against them:

1. A suit against Daniel Wilkey his official capacity is treated as an action against the County pursuant to *Monell v. Dep't of Soc.Servs.*, 436 U.S. 658, 699-91 (1978).

2. Mr. Wilkey plead not guilty to all criminal charges brought against him in Hamilton County Criminal Court, and denies all allegations of wrongdoing here.

3. Without the aid of discovery, Paragraph 1 of the Complaint can be neither admitted nor denied, and strict proof is demanded. All allegations of wrongdoing, however, are denied.

4. Paragraphs 2 and 3 of the Complaint are admitted. All allegations of wrongdoing, however, are denied.

5. <u>Paragraph 4</u> of the Complaint is admitted as to the Plaintiff bringing this action. All allegations of wrongdoing, however, are denied.

6. <u>Paragraph 5</u> of the Complaint is admitted as to the Plaintiff bringing this action. It is denied that class certification is appropriate. Further, all allegations of wrongdoing, are denied.

7. <u>Paragraphs 6</u> and <u>7</u> of the Complaint are admitted. All allegations of wrongdoing, however, are denied.

8. <u>Paragraphs 8</u> and <u>9</u> of the Complaint contain legal conclusions to which no response is required. All allegations of wrongdoing, however, are denied.

9. <u>Paragraphs 10</u> through <u>12</u> of the Complaint are admitted as to the appropriate jurisdiction and venue of Circuit Court; however, this Court, to which the matter was removed, is also appropriate as to jurisdiction and venue.

10. Without the aid of discovery, <u>Paragraphs 13</u> through <u>18</u> of the Complaint can be neither admitted nor denied, and strict proof is demanded. All allegations of wrongdoing, however, are denied.

11. <u>Paragraphs 19</u> through <u>22</u> of the Complaint contain legal conclusions to which no response is required. All allegations of wrongdoing, however, are denied.

12. <u>Paragraphs 23</u> and <u>24</u> of the Complaint are admitted as to the Plaintiff bringing suit; however, it is denied that class action certification is appropriate. All allegations of wrongdoing, however, are denied.

13. <u>Paragraphs 25</u> through <u>29</u> of the Complaint are denied.

14. Paragraphs 30 and 31 of the Complaint require no response. It is denied, however, that class certification is appropriate. Further, all allegations of wrongdoing are denied.

15. Paragraphs 32 and 33 of the Complaint are denied.

16. Paragraph 34 of the Complaint contains a legal conclusion to which no response is required. It is denied, however, that class certification is appropriate. Further, all allegations of wrongdoing are denied.

17. Paragraph 35 of the Complaint is denied.

18. Without the aid of discovery, Paragraph 36 of the Complaint neither can be admitted nor denied, and strict proof is demanded. All allegations of wrongdoing, however, are denied.

19. Paragraphs 37 through 40 of the Complaint are admitted as to the indictments; however, Wilkey has plead not guilty to all charges and has yet to have the benefit of due process in these matters. All allegations of wrongdoing, however, are denied.

20. Paragraph 41 of the Complaint is admitted. All allegations of wrongdoing, however, are denied.

21. Paragraph 42 of the Complaint is denied as stated. The correct reference for the statute quoted is *Tenn. Code Ann.* § 8-8-201(34). All allegations of wrongdoing, however, are denied.

22. Paragraph 43 of the Complaint is admitted.

23. Paragraph 44 of the Complaint is denied as stated. The correct reference for the statute quoted is *Tenn. Code Ann.* § 8-8-302. All allegations of wrongdoing, however, are denied.

24. Paragraphs 45 and 46 of the Complaint are admitted. All allegations of wrongdoing, however, are denied.

25. Paragraphs 47 through 49 of the Complaint are denied.

26. Paragraph 50 of the Complaint is admitted as to the Plaintiff filing the action. All allegations of wrongdoing, however, are denied.

27. Paragraph 51 of the Complaint is denied.

28. Paragraph 52 of the Complaint is admitted as to Wilkey's employment with Hamilton County. All allegations of wrongdoing, however, are denied.

29. Paragraphs 53 through 56 of the Complaint are denied.

30. Without the aid of discovery, Paragraph 57 of the Complaint *neither* can be admitted nor denied, and strict proof is demanded. All allegations of wrongdoing, however, are denied.

31. Paragraph 58 of the Complaint is admitted as to Wilkey's employment with Hamilton County. All allegations of wrongdoing, however, are denied.

32. Paragraphs 59 through 65 of the Complaint contain legal conclusions to which no response is required. It is denied, however, that class certification is appropriate. Further, all allegations of wrongdoing are denied.

33. Paragraph 66 of the Complaint is denied.

34. <u>Paragraphs 67 through 68</u> of the Complaint are admitted as to venue and jurisdiction. All allegations of wrongdoing, however, are denied.

35. <u>Paragraphs 70 and 71</u> of the Complaint are admitted as to Wilkey acting in his official capacity. A suit against Daniel Wilkey his official capacity is treated as an action against the County pursuant to *Monell v. Dep't of Soc.Servs.*, 436 U.S. 658, 699-91 (1978). Further, all allegations of wrongdoing are denied.

36. <u>Paragraphs 73 through 77</u> of the Complaint are denied.

**AFFIRMATIVE DEFENSES**

37. The Complaint fails to state a claim and/or cause of action against Hamilton County upon which relief can be granted.

38. To the extent that any state law claims are alleged in the Complaint, all such claims of the Plaintiffs are governed by the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101, *et seq.*, ("GTLA") and the Defendants are entitled to all defenses, immunities, and protections of said Act.

39. Hamilton County cannot be held liable for any damages claimed by the Plaintiffs on the grounds that the injury sustained by the Plaintiff was not proximately caused by or directly related to any unconstitutional practice on the part of the County.

40. The Plaintiffs' actions constitute comparative fault, which either entirely bars recovery from Hamilton County or reduces any recovery against the County commensurate with the comparative fault of the Plaintiffs.

41. Daniel Wilkey is entitled to qualified immunity.

42. To the extent that the Plaintiffs' raise claims under GTLA, a jury trial is not applicable.

43. The Defendants acted at all times in accordance with common law, statutory law, and constitutional obligations without any actual intent to cause the Plaintiffs harm.

44. Liability for punitive damages, if any, which is denied, is limited by the Due Process Clause of the United States Constitution.

45. The Plaintiffs' claims fail to rise to the level of constitutional violations sufficient to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983").

46. The Plaintiffs' claims brought against Hamilton County pursuant to Section 1983 fail to state a claim upon which relief can be granted on a *respondeat superior* theory of liability.

47. Hamilton County was not deliberately indifferent.

48. To the extent that the Plaintiffs raise claims pursuant to the provisions of the Tennessee Constitution, Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution.

49. Without conceding any liability, which Hamilton County expressly denies, Hamilton County asserts a set off against Plaintiff of any unpaid filing fees and daily jail charges as determined by the Hamilton County Criminal Court Clerk's Office which remain unpaid.

50. Hamilton County and Daniel Wilkey assert an intent to seek attorney fees and costs of litigation as to federal claims made against it by the Plaintiff as prevailing parties pursuant to *F.R.Civ.P.* 54.

51. Plaintiff and the class have not suffered any adverse harm as a result of any act or omission taken by any Defendant or employees.

52. Plaintiffs have failed to allege the requisite level of personal responsibility against the Defendants as required by 42 U.S.C. § 1983.

53. Plaintiffs, with the exception of Maxwell Jarnigan, lack standing.

54. The Defendants are presently without information as to the availability or applicability of any other affirmative defenses, in addition to those plead above, and reserve the right to amend its Answer to plead any affirmative defenses or matters of avoidance.

Wherefore, having fully answered, Hamilton County and Daniel Wilkey pray that they be dismissed with costs assessed against the Plaintiffs.

HAMILTON COUNTY ATTORNEY'S OFFICE

By: *s/Sharon M. Milling*
R. Dee Hobbs, BPR No. 10482
Sharon McMullan Milling, BPR No. 36876
*Assistant County Attorney*
625 Georgia Avenue, Suite 204
Chattanooga, TN 37402
Phone/Fax: 423-209-6150/6151

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of March, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Rip Biggs, Esq.
701 Cherry Street, Suite 200
Chattanooga, TN 37402

*s/Sharon M. Milling*