IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| WILLIAM EUGENE KLAVER | ) |
| | ) |
|     Plaintiff, | ) |
| | ) No. 1:19-cv-00304 (LEAD CASE) |
| v. | ) No. 1:19-cv-00198 |
| | ) |
| HAMILTON COUNTY GOVERNMENT, | ) |
| DEPUTY TYLER McRAE IN HIS OFFICAL | ) |
| CAPACITY AS A DEPUTY SHERIFF FOR | ) |
| HAMILTON COUNTY GOVERNMENT AND | ) |
| IN HIS INDIVIDUAL CAPACITY | ) |
| | ) |
| DEPUTY DANIEL WILKEY IN HIS OFFICIAL | ) |
| CAPACITY AS A DEPUTY SHERIFF FOR | ) |
| HAMILTON COUNTY GOVERNMENT AND | ) |
| IN HIS INDIVIDUAL CAPACITY, | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANT DANIEL WILKEY'S ANSWER

**COMES NOW** Daniel Wilkey (hereinafter "Defendant" or "Wilkey") and for answer to the Amended Complaint (hereinafter "complaint") filed against him would show to the court as follows:

1. Without the aid of discovery, Defendant can neither admit nor deny the statements contained in paragraph I.A. of the complaint and strict proof is demanded.

2. Defendant admits the statements contained in paragraph I.B. of the complaint as to Wilkey, but denies the telephone number. As to the other Defendants, these statements do not require a response from this Defendant.

3. Wilkey admits that this Court has jurisdiction over this suit in paragraph II of the complaint.

4. Defendant admits that a § 1983 claim is being brought but denies any wrongdoing.

5. The allegations contained in paragraph II.B. of the complaint do not require a response from this Defendant.

6. The allegations contained in paragraphs II.C-O. of the complaint are denied.

7. The allegations contained in paragraph II.P. of the complaint do not require a response from this Defendant.

8. Defendant Wilkey admits to acting under color of law. The remaining allegations contained in paragraph II.Q. of the complaint do not require a response from this Defendant.

9. Wilkey admits both he and Defendant McRae were employed as deputies of Hamilton County when all acts occurred, driving county vehicles, and using county equipment that night in paragraph II.R. of the complaint.

10. Hamilton County being responsible for the actions of its employees per Tenn. Code. Ann. 8-8-302 does not require a response from this Defendant in paragraph II.R. of the complaint.

11. Garrett Harrison Bull K9 officer with the Soddy Daisy Police Department lying as to his dog alerting to William Klaver's vehicle, then later in a news story attempting to explain it away as his K9 not being able to discern hemp does not require a response from this Defendant in paragraph II.R. of the complaint.

12. Plaintiff never having any of that in his vehicle either does not require a response from this Defendant in paragraph II.R. of the complaint.

13. Wilkey is without sufficient information and knowledge to form a belief as to Plaintiff challenging him as to the time of the stop on an unfiled citation and therefore denies the same. The remaining allegation of Garrett Harrison Bull standing quietly behind William

Klaver and only speaking up as William Klaver challenged that does not require a response from this Defendant in paragraph II.R. of the complaint.

14. Police scanner records that William Klaver has in his possession about the time of the stop being ten minutes after 8PM not 8:33PM in paragraph II.R. of the complaint does not require a response from this Defendant.

15. Wilkey denies scrubbing off a half hour wait for his request for a Soddy Daisy K9 officer to arrive in paragraph II.R. of the complaint.

16. Wilkey is without sufficient information and knowledge to form a belief as to Plaintiff being stalked and harassed by Hamilton County Sherriff's Department personnel in an effort to intimidate and threaten William Klaver out of taking action via lawsuit against Wilkey, McRae, or other Defendants, and therefore denies the same in paragraph II.R. of the complaint.

17. Wilkey admits to acting under color of law in paragraph II.R. of the complaint.

18. Wilkey is without sufficient information and knowledge to form a belief as to Plaintiff having video evidence which will be presented in court in paragraph II.R. of the complaint.

19. The allegations contained in paragraph II.S. of the complaint do not require a response from this Defendant.

20. The allegations contained in paragraph II.T. of the complaint do not require a response from this Defendant.

21. Hwy 27 (J. Lon Foust Highway) southbound mile marker 21 behind the exit 111 sign to exit in paragraph III.A. of the complaint does not require a response from this Defendant.

22. Defendant denies any wrongdoing of incidentally this is not the address of 12200 Dayton Pike as Wilkey wrote down on the unfiled citation contained in paragraph III.A. of the complaint.

23. Wilkey is without sufficient information and knowledge to form a belief as to Plaintiff not being on Dayton Pike that night, and therefore denies the same in paragraph III.A. of the complaint.

24. Defendant denies any wrongdoing with you will hear him confirm the location Plaintiff states in a conversation with police dispatch as being correct when dispatch needs to know where to send the K9 from Soddy Daisy found in paragraph III.A. of the complaint.

25. Defendant denies any wrongdoing with Wilkey clearly knowing where he was, and it was not on Dayton Pike anywhere found in paragraph III.A. of the complaint.

26. Wilkey denies as a legal conclusion willingly lying, plain and simple contained in paragraph III.A. of the complaint.

27. Defendant denies as a legal conclusion and any wrongdoing with something being done by Wilkey in order to place jurisdiction within the Soddy Daisy city limits on paper in order to justify his asking for a Soddy Daisy K9 contained in paragraph III.A. of the complaint.

28. Wilkey further denies any wrongdoing with the officer likely being a pal and willing to lie, instead of asking for any K9 units on the air which was the normal procedure found in paragraph III.A. of the complaint.

29. Defendant is without sufficient information and knowledge to form a belief as to Wilkey's doing so being verified by police scanner recordings from that night that William Klaver has in his possession and being presented as evidence in court, and therefore denies the same contained in paragraph III.A. of the complaint.

30. Wilkey admits the incident took place on April 17, 2019 and denies any wrongdoing with the time being at 8:10PM and not the time of 8:33PM that Defendant wrote on this unfiled citation contained in paragraph III.B. of the complaint.

31. Defendant is without sufficient information and knowledge to form a belief as to actual time being verified by police scanner records from that night that William Klaver has in his possession and being presented as evidence in court contained in paragraph III.B. of the complaint.

32. William Klaver first taking notice of a vehicle as he traveled southbound on highway 27 that appeared to be crashing in paragraph III.C. of the complaint does not require a response from this Defendant.

33. Defendant is without sufficient information and knowledge to form a belief as to Plaintiff looking to his left and seeing a Hamilton County Sherriff's department vehicle sliding with brakes locked down and a great cloud of tire smoke from all four tires as it tried to make a cut through in the median from the northbound lanes of highway 27, and therefore denies the same found in paragraph III.C. of the complaint.

34. Defendant is without sufficient information and knowledge to form a belief as to Plaintiff continuing on his way then noticing blue lights behind him, and pulling over at mile marker 21 behind the exit 111 sign saying exit on highway 27 southbound, and therefore denies the same contained in paragraph III.C. of the complaint.

35. Defendant is without sufficient information and knowledge to form a belief as to Plaintiff at no time ever being on Dayton Pike as Wilkey claimed in the unfiled citation, and therefore denies the same found in paragraph III.C. of the complaint.

36. Defendant denies as a legal conclusion and any wrongdoing with Wilkey doing something on paper to move jurisdiction to Soddy Daisy in an attempt to justify his asking specifically for a Soddy Daisy K9 instead of the usual any K9 units on the air that the police normally use found in paragraph III.C. of the complaint.

37. Plaintiff having video evidence which he will present in court, along with police scanner records from that night that will explain things much better than he can here does not require a response from this Defendant contained in paragraph III.C. of the complaint.

38. As to who saw what happened William Klaver would say several thousand people as they drove by that busy interchange around exit 111 highway 27 mile marker 21 on that Wednesday night does not require a response from this Defendant in paragraph III.C. of the complaint.

39. Defendant is without sufficient information and knowledge to form a belief as to only when Plaintiff questioned Wilkey as to his claim of bright sunlight at 8:33PM when the sun had gone down at 8:15PM according to google, and therefore denies the same contained in paragraph III.C. of the complaint.

40. Garrett Harrison Bull the responding and requested by Wilkey K9 officer standing quietly behind Plaintiff piping up and claiming his dog had alerted on William Klaver's passenger door contained in paragraph III.C. of the complaint does not require a response from this Defendant.

41. Defendant denies McRae and Wilkey conducted an illegal search of William Klaver's vehicle found in paragraph III.C. of the complaint.

42. Defendant denies they found nothing of course as William Klaver's tint was found in the vehicle that William Klaver possessed contained in paragraph III.C. of the complaint.

43. Defendant denies as a legal conclusion and any wrongdoing with Wilkey lied on the citation as to time of stop as being 8:33PM when Plaintiff will prove in court via police scanner recording in his possession that the actual and provable time of stop was 8:10PM found in paragraph III.C. of the complaint.

44. Defendant denies this was done to scrub off the nearly half hour wait time it took for Wilkey's requested Soddy Daisy K9 to arrive on scene contained in paragraph III.C. of the complaint.

45. Wilkey denies lying as to the location of the stop on the unfiled citation by indicating 12200 Dayton Pike as place of stop when the actual place of stop was highway 27 southbound mile marker 21 contained in paragraph III.C. of the complaint.

46. Defendant denies any wrongdoing with his doing so not being a mistake as he clearly demonstrated in verbally directing dispatch as to our true location for the Soddy Daisy K9 officer contained in paragraph III.C. of the complaint.

47. Defendant denies said Soddy Daisy K9 officer, Garrett Harrison Bull, also threatened to put Plaintiff in back of the patrol car as Daniel Cameron Wilkey and Tyler Shane McRae performed an illegal search of William Klaver's vehicle without his consent found in paragraph III.C. of the complaint.

48. Defendant denies any wrongdoing with also they removed Plaintiff from the flow of traffic, an act which by itself presented a certain level of danger to Plaintiff, stopped a tint exempt vehicle for window tint then never filed the citation contained in paragraph III.C. of the complaint.

49. Defendant denies further endangering Plaintiff's life by holding him roadside for nearly an hour at a very busy travel nexus where a car or big truck could easily have killed him in paragraph III.C. of the complaint.

50. You may educate yourself further by entering the following link into google search bar does not require a response from this Defendant in paragraph III.C. of the complaint.

51. It will take you to the first video, then follow the links in each description does not require a response from this Defendant in paragraph III.C. of the complaint.

52. https://www.youtu.be/3gvpSiYZpPk does not require a response from this Defendant found in paragraph III.C. of the complaint. It appears that William Klaver maybe referencing this video link at https://www.youtube.com/watch?v=reYtT4MeBLA&feature=youtu.be at least one video in a series of videos.

53. Defendant admits Wilkey is currently named in four (five total) other lawsuits in Hamilton County Court found in paragraph III.C. of the complaint.

54. Case numbers 19C1100, 19C1101, 19C1161, and 19C1248 does not require a response from this Defendant in paragraph III.C. of the complaint.

55. Defendant denies any wrongdoing with one was a roadside anal probe, one was a forced baptism and sexual assault, and third was accosting and groping of minor boys and girls contained in paragraph III.C. of the complaint.

56. A fourth lawsuit is filed in connection to the minor stop in which McRae is named does not require a response from this Defendant found in paragraph III.C. of the complaint.

57. Wilkey is without sufficient information and knowledge to form a belief as to both Wilkey and McRae growing up in Rhea County, TN, and therefore denies the same in paragraph III.C. of the complaint.

58. Wilkey admits he was also named in a lawsuit in federal court for killing a man at the Rhea County hospital while a Rhea County deputy, Gardner v. Rhea County et. al, Case Number 1:15-cv-00256 contained in paragraph III.C. of the complaint.

59. If not for my camera phone on a tripod that I have set up for my YouTube channel, things surely would have gone much worse for me as well does not require a response from this Defendant in paragraph III.C. of the complaint.

60. Defendant denies any wrongdoing with however, Wilkey knowing early on that they were being recorded and possibly broadcasted contained in paragraph III.C. of the complaint.

61. Defendant denies as a legal conclusion and any wrongdoing with when Wilkey entered Plaintiff's vehicle for his illegal search, one seeing him attempt to turn off Plaintiff's camera on Plaintiff's phone found in paragraph III.C. of the complaint.

62. Defendant denies any wrongdoing with him not being successful found in paragraph III.C. of the complaint.

63. Plaintiff having four videos total from that event available for viewing to the public over a certain age on his YouTube channel does not require a response from this Defendant in paragraph III.C. of the complaint.

64. Defendant denies as a legal conclusion and any wrongdoing with Plaintiff's preventing their actions thusly precluding or obliterating their intent contained in paragraph III.C. of the complaint.

65. Wilkey is without sufficient information and knowledge to form a belief as to it is clear from these other occasions that McRae, Wilkey, and Bull had nefarious intent that night, and therefore denies the same contained in paragraph III.C. of the complaint.

66. Defendant denies any wrongdoing with that they were unsuccessful speaks to my efforts to stop them, not any willingness to suddenly do the right thing for their part contained in paragraph III.C. of the complaint.

67. Defendant denies also subsequently Plaintiff being stalked and harassed by Hamilton County Sherriff's Department personnel in an attempt to intimidate and threaten William Klaver out of taking legal actions against Wilkey, McRae, Bull, and Hamilton County TN contained in paragraph III.C. of the complaint.

68. Defendant admits to acting under color of law but denies violating 18 USC § 241 and title 18 USC Code § 242 as well as title 18 US Code § 249 contained in paragraph III.C. of the complaint.

69. I have video evidence of their actions which I will present in court does not require a response from this Defendant in paragraph III.C. of the complaint.

70. Plaintiff being made to exit his vehicle when the drug K9 from Soddy Daisy arrived around 8:30PM or so does not require a response from this Defendant in paragraph IV. of the complaint.

71. Plaintiff being made to place his hands on the hood, which was extremely hot, and upon complaining and pulling them off being directed by Tyler McRae Hamilton County Sherriff's deputy and acting as such to put his hands on the hood, at which time they became burned from the extreme heat does not require a response from this Defendant in paragraph IV. of the complaint.

72. Plaintiff's use of Neosporin pain relief cream on them for a few days until they were healed and wore leather work gloves to protect them until they healed does not require a response from this Defendant in paragraph IV. of the complaint.

73. The psychological stress of being subject to all that on a public thoroughfare where anyone and everyone can see Plaintiff, and thinking that he is a criminal as a result does not require a response from this Defendant in paragraph IV. of the complaint.

74. Defendant is without sufficient information and knowledge to form a belief as to Plaintiff being an actor who has been in several Hollywood films, this taint these jokers left on me could negatively affect my hirability, and therefore denies the same contained in paragraph IV. of the complaint.

75. Defendant denies any wrongdoing with as well the citation William Klaver was made to sign never being filed, eliminating Plaintiff's chance to clear his name before a judge contained in paragraph IV. of the complaint.

76. Defendant denies any wrongdoing with not filing being done to protect themselves not to help Plaintiff as Plaintiff is certain any and all videos were destroyed as well found in paragraph IV. of the complaint.

77. Defendant denies they did not have probable cause to justify being detained for nearly an hour, and is without sufficient information to form a belief as to Plaintiff's criminal history, and therefore denies the same contained in paragraph IV. of the complaint.

78. Defendant denies attempting to scrub off the wait time for the Soddy Daisy K9 that he specifically asked for by entering a time of stop as 8:33PM, and is without sufficient information to form a belief as to when police scanner recordings in William Klaver's

possession prove that William Klaver was stopped at 8:10PM, and therefore denies the same contained in paragraph IV. of the complaint.

79. Defendant denies neither did they have William Klaver's permission to search his vehicle, nor at any time was he read my rights found in paragraph IV. of the complaint.

80. William Klaver reporting these events to Internal Affairs at the Hamilton County Sherriff's annex via telephone, which was recorded by them according to the telltale beeps he kept hearing does not require a response from this Defendant found in paragraph IV. of the complaint.

81. However, Plaintiff never hearing back from them does not require a response from this Defendant in paragraph IV. of the complaint.

82. Wilkey denies all the allegations contained in paragraph V. of the complaint and denies that this Plaintiff is entitled to any damages, settlement, relief, or judgment.

83. Any allegations or statements not specifically admitted, denied, or addressed in this answer are generally denied.

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Wilkey specifically asserts that he was acting in good faith and in the good-faith performance of his job and duties for which he is entitled to the defense of qualified immunity or good faith immunity from any of Plaintiff's actions in the reasonable performance of his duties as it relates to this Plaintiff.

## THIRD DEFENSE

To the extent that any of the Plaintiff's claims can be considered a Tennessee tort law claim, Wilkey specifically asserts the defense of comparative fault. Wilkey specifically asserts that the Plaintiff was guilty of comparative fault and that his fault constitutes 100% of the fault, thereby barring his claims as a matter of law.

## FOURTH DEFENSE

Wilkey denies that he deprived the Plaintiff of any of his constitutional rights or that in any way he violated Title 42 U.S.C. § 1983, the United States Code, the United States Constitution, the Tennessee Constitution, the common law of Tennessee, or any Tennessee statute by performing his duties during his response to the traffic stop, and the events that followed.

## FIFTH DEFENSE

Wilkey asserts Plaintiff is not acting in good faith nor has signed his complaint.

## SIXTH DEFENSE

Wilkey asserts that his actions were objectively reasonable in connection with the attempt to respond to a traffic stop. Wilkey denies that he used any excessive force against the Plaintiff.

## SEVENTH DEFENSE

The Defendant named in this lawsuit is entitled to be dismissed from it in their official capacity as any action against them in their official capacity is actually brought against a governmental entity, Hamilton County, which is already named as a Defendant in this lawsuit.

## EIGHTH DEFENSE

In the alternative, Wilkey specifically asserts all defenses applicable to him under the Tennessee Governmental Tort Liability Act "TGTLA", Tenn. Code Ann. § 29-20-101 *et seq.*, and incorporates by reference herein all defenses specified therein. Particularly, Wilkey relies upon the following provisions:

A. Tenn. Code Ann. § 29-20-205 sets out nine (9) specific exceptions from liability where negligent acts or omissions of any employee occur within the scope of employment, including, but not limited to:

   i. Tenn. Code Ann. § 29-20-205(1): The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.

   ii. Tenn. Code Ann. § 29-20-205(2): False imprisonment pursuant to a traffic stop, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of privacy, or civil rights.

   iii. Tenn. Code Ann. § 29-20-205(5): The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause.

   iv. Tenn. Code Ann. § 29-20-205(6): Misrepresentation by an employee whether or not such is negligent or intentional.

B. Tenn. Code Ann. § 29-20-307 provides for the right to trial without a jury;

C. Tenn. Code Ann. § 29-20-403 limits any liability of governmental entities to the statutory limits of liability applicable as of July 7, 2012.

## NINTH DEFENSE

Wilkey in his official capacities is immune from liability and not a proper party under the TGTLA for an act or omission for which the immunity of the governmental entity is removed by the TGTLA.

## TENTH DEFENSE

The Plaintiff's complaint is barred by the applicable statute of limitations or laches.

14
Case 1:19-cv-00304-TRM-CHS   Document 76   Filed 04/20/20   Page 14 of 16   PageID #: 428

## ELEVENTH DEFENSE

Wilkey is presently without information as to the availability or applicability of any other affirmative defenses, in addition to those plead above, and reserves the right to amend his Answer to plead any affirmative defenses or matters of avoidance.

## TWELFTH DEFENSE

Wilkey asserts an intent to seek attorneys' fees and costs as to state law claims made against him as a prevailing party having been sued in their individual capacities for actions taken in their official capacities and under color of law pursuant to Tenn. Code Ann. § 29-20-113(a) and Federal Rule of Civil Procedure 54.

Now having fully answered the complaint filed against him, the Defendant requests it be dismissed with his costs. In the alternative, the Defendant demands a jury be empaneled to try the issues when joined.

Respectfully submitted,

By: */s/* Micah Guster
Micah Guster
BPR No. 29586
1502 McCallie Ave
Chattanooga, TN 37404
Telephone: (423) 485-8088

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing pleading upon the following individual(s) via ECF, hand delivery, email, and/or regular U.S. mail, postage prepaid, and correctly addressed as follows:

Sharon Milling
Hamilton County Attorney's Office
625 Georgia Avenue
Chattanooga, TN 37402

William Eugene Klaver
PO Box 58
Hixson, TN 37343

This 20th day of April, 2020.

                                                /s/ Micah Guster
                                                Micah Guster