UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHANDLE MARIE RILEY, | ) CONSOLIDATED |
| | ) |
| *Plaintiff*, | ) U.S. District Judge McDonough |
| | ) U.S. Magistrate Judge Steger |
| vs. | ) |
| | ) **No. 1:19-cv-00304** – Lead Case |
| HAMILTON COUNTY | ) |
| GOVERNMENT, | ) Member Cases |
| DEPUTY DANIEL WILKEY, in his | ) No. 1:19-cv-00305 |
| capacity as a deputy sheriff for | ) No. 1:19-cv-00329 |
| Hamilton County Government and in | ) **No. 1:20-cv-00016** |
| his individual capacity, and DEPUTY | ) No. 1:20-cv-00017 |
| JACOB GOFORTH, in his capacity | ) No. 1:20-cv-00020 |
| as a deputy sheriff and in his | ) No. 1:20-cv-00044 |
| individual capacity, | ) |
| | ) |
| *Defendants*. | ) |

## REPORT AND RECOMMENDATION[1]

**I.     Introduction**

On August 12, 2021, Defendant Daniel Wilkey filed his Second Motion to Compel or, in the Alternative, to Dismiss Kelsey Wilson's Complaint in *Kelsey Wilson v. Daniel Wilkey*, Case No. 1-20-cv-00016-TRM-CHS.[2] [Doc. 405]. For the reasons stated herein, it is **RECOMMENDED** that Ms. Wilson's complaint be **DISMISSED** with prejudice as a sanction for

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

[2] Because *Riley v. Hamilton Cnty Gov't.*, 1-19-cv-304-TRM-CHS is the lead case, all filings related to one or more of the consolidated cases, including Ms. Wilson's case, should have been filed in Case No. 1-19-cv-304-TRM-CHS. Therefore, all reference to docket numbers shall be to the docket number in Case No. 1-19-cv-304-TRM-CHS unless otherwise specified.

failure to cooperate in discovery pursuant to Federal Rule of Civil Procedure 37(a) and (d), and for failure to prosecute her action pursuant to Federal Rule of Civil Procedure 41(a).

**II.     Background**

Ms. Wilson, through counsel, filed her action against Deputy Daniel Wilkey and the Hamilton County Government in the Circuit Court of Hamilton County, Tennessee, on January 14, 2020. Defendants subsequently removed this action to this Court pursuant to 28 U.S.C. §§ 1331, 1343 and 1441(b). On March 1, 2021, Ms. Wilson's counsel was permitted to withdraw from representation of her because they had been unable to contact her, and, when they did reach her, Ms. Wilson stated she was terminating their services. [Doc. 335].

The Court gave Ms. Wilson until March 31, 2021 in which to obtain new counsel or inform the Court she was representing herself. The Court warned Ms. Wilson that, if she did not comply with the Court's Order, the Court could recommend dismissal under Rule 41 for failure to prosecute. [*Id*.] On April 27, 2021, the Court granted Ms. Wilson additional time, until May 7, 2021, to comply with the Court's Order because Plaintiff represented she had counsel who would be entering an appearance shortly.[Doc. 356]. Then on May 10, 2021, the Court entered another order giving Ms. Wilson until May 24, 2021, to comply with the Court's Order. [Doc. 359]. On May 24, 2021, Ms. Wilson informed the Court she would be representing herself. [Doc. 276 in Case No. 1-20-cv-16].

On June 15, 2021, Daniel Wilkey filed his first Motion to Compel responses to requests for production from Plaintiff Kelsey Wilson. [Doc. 375]. Defendant sought Plaintiff's text messages and journal writings and notes concerning Daniel Wilkey and any Instagram/Internet postings she contended led Deputy Wilkey to track her down and pull her over in her vehicle. [*Id*.] The Court set a hearing on this motion on July 13, 2021. On July 12, 2021, Ms. Wilson filed a

letter to the Court asking that the hearing date be postponed to later in August because she had been sick with the flu for ten days and she "can almost guarantee" she would be able to retain an attorney by the end of the month. [Doc. 291 in Case No. 1-20-cv-16]. The Court did not grant this motion and the hearing was held on the Motion to Compel on July 13, 2021. Ms. Wilson did attend the hearing and assured the Court that she had the journals and notebooks requested by Defendant Wilkey and was ready to produce them. The Court ordered Ms. Wilson to hand those items to Defendant's counsel on July 14, 2021. Ms. Wilson indicated that she would do so. The Court further ordered Ms. Wilson to produce the texts and Instagram/Internet posts by July 21, 2021. [Doc. 396]. At the hearing, the Court tried to impress upon Ms. Wilson the importance of complying with the Court's orders and providing the requested materials in a timely manner. The Court declined to award fees or costs to Defendant. [*Id.*].

On August 12, 2021, Defendant Wilkey filed this Second Motion to Compel or, in the Alternative, to Dismiss Kelsey Wilson's Complaint stating that Defendant Wilkey had still not received the discovery the Court had ordered Ms. Wilson to produce in response to the first motion to compel. [Doc. 405]. Defendant attached to his second motion email correspondence from Ms. Wilson offering various excuses for not producing the discovery. [Doc. 405-1 to 405-3]. The Court will briefly recount these emails:

- On July 14, 2021, Ms. Wilson emailed Mr. Exum, Defendant's counsel, that she would drop off the journals/notebooks tomorrow after she met with an attorney who was currently at the dentist and unavailable.

- On July 15, 2021, Ms. Wilson sent another email to Mr. Exum that she had not been able to bring him the journals/notebooks because she still had not been able to meet with counsel.

- On July 20, 2021, Ms. Wilson emailed Mr. Exum's assistant, Ms. Higgins, that her tire was flat but that she would bring the notebooks anyway.

- On July 21, 2021, at 5:04 PM, Ms. Wilson emailed Ms. Higgins that she would send scanned journal entries and text messages that evening. She stated she had "just got back into this iCloud account yesterday as a [sic] 4 PM." One minute later, Ms. Wilson emailed Ms. Higgins that she was having trouble with her internet but that she was loading her text messages to a Google drive at that moment and would provide a link to access them.

- At 5:38 PM that same evening, Ms. Wilson emailed Ms. Higgins that she had just found the USB Storage device she thought she'd lost when her wallet was stolen the previous night and there were 30 scanned entries she would download that night.

- At 5:41 PM that same night Ms. Wilson emailed Ms. Higgins that she was still having trouble downloading material because her account was locked.

- At 5:45 PM Ms. Wilson emailed Ms. Higgins to say that "the reason I didn't come in person is because of the keys getting stolen at food city [sic] after I checked out with toiletries and stuff."

- Thereafter, Ms. Wilson emailed Ms. Higgins three more times that same evening offering reasons why she could not download all the materials but assuring Ms. Higgins that she was going to do so.

- On July 23, 2021, Ms. Higgin emailed Ms. Wilson that she could not access the Google link Ms. Wilson had sent her. Ms. Higgins requested a valid link or hard copies brought to Mr. Exum's office.

- On July 24 and again on July 28, 2021, Ms. Wilson emailed Ms. Higgins that she was still trying to upload all the materials to the Google drive. She stated her keys, money, cards and phone had been stolen at Food City last week and that her car was still parked at Food City. She further stated her mother was going to drive her to an attorney's office and that attorney would send the materials to Mr. Exum.

As previously stated, on August 12, 2021, Mr. Exum filed the instant motion, and the Court set it for a hearing on October 21, 2021. On September 30, 2021, Ms. Wilson filed a letter in the Court record stating, "I will deliver all tagible [sic] copies concerning the request for production by Monday, October 4, 2021. Ms. Wilson stated that she had contracted COVID and "[t]he reason I didn't drop them off at the defendant's is because they contain very personal notes addressing my mental state. . . ." Ms. Wilson indicated she wanted to give "all tangible documents" to Defendant's

attorney and the Court at the same time so the judge can see them and "can make judgment from there." She further stated she will have a legal team representing her at trial. [Doc. 431].

On October 21, 2021, less than an hour before the scheduled hearing on the motion to compel, Ms. Wilson called and left a message with this Court's voicemail asking that the hearing be postponed due to an unspecified family emergency. The Court did not receive the message until immediately before the scheduled hearing and so proceeded with the hearing with Mr. Exum present. Ms. Wilson, acting pro se, arrived about 20 minutes late.

At the hearing, Ms. Wilson told the Court that the reason she had not produced copies of her journals and notebooks was because they contained very private matters which would be embarrassing to her if they were revealed. She also did not deny that she had not produced the text messages and Instagram/Internet posts the Court had ordered her to produce.

### III. Analysis

Defendant Wilkey asks the Court to dismiss Ms. Wilson's action pursuant to Federal Rule of Civil Procedure 37(a) and (d) for failure to comply with this Court's Order granting Defendant's first motion to compel. Defendant asserts Ms. Wilson's failure has been "willful, in bad faith, and of her own fault." Rule 37(a) and (d) of the Federal Rules of Civil Procedure provides that that a Court may sanction a party for failure to respond to written discovery. Sanctions available are those enumerated in Rule 37(b)(2)(i)-(vii), including dismissal of the plaintiff's action if it is the plaintiff who has failed to respond. In addition to these sanctions, Rule 37(d)(3) authorizes awarding the injured party reasonable expenses, including attorney fees, caused by the other party's failure, unless that failure was substantially justified or an award of those expenses would be unjust.

In addition to Rule 37, Fed. R. Civ. P. 41(b) also applies to this situation. Rule 41(b) provides, in part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." The standard for evaluating a motion for dismissal under Rule 37 or Rule 41(b) is the same. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997).

Fed. R. Civ. P. 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

The Court considers four factors when addressing a motion to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see also Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019). These are the same factors a court considers when addressing a motion to dismiss pursuant to Fed. R. Civ. P. 37(d). *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997) (analyzing motion to dismiss under Rule 37 and Rule 41(b)).

When applying these four factors to this case, the Court is persuaded that dismissal is appropriate. First, Ms. Wilson has made repeated promises both to the Defendant and to the Court that she would provide the requested discovery. She has supplied numerous excuses for why she has not provided the discovery; however, at the October 21, 2021 hearing, she admitted she had deliberately withheld her journals and notes because of their sensitive, personal nature which would embarrass her if produced. The Court is not without sympathy for Ms. Wilson's concerns. On the other hand, Ms. Wilson has brought claims against Mr. Wilkey, and he has a right to obtain materials—regardless of their embarrassing and personal nature—which are relevant to the claims and defenses in this lawsuit. The Court finds that Ms. Wilson's decision to refuse to provide the requested discovery has been intentional and willful, and that her repeated promises to Defendant and this Court that she would provide the discovery have been made in bad faith. Second, Defendant has been significantly prejudiced in the development of his defense by Ms. Wilson's refusal to provide the requested discovery. Third, the Court previously warned Ms. Wilson that failure to comply with one of its orders could result in dismissal of her action. Still, she deliberately disobeyed the Court's Order requiring production. Fourth, the Court has also considered measures less drastic than dismissal but does not find that they will be effective in compelling Ms. Wilson to cooperate fully in the discovery process. Despite an order that she provide the requested discovery, Ms. Wilson simply stalled with excuses and refused to produce the materials. The Court does not think sanctions by themselves will compel Ms. Wilson to cooperate fully in discovery or this litigation. Therefore, after careful consideration, the Court finds dismissal of this action is appropriate.

## IV. Conclusion

For the reason stated herein, it is **RECOMMENDED** that this action be **DISMISSED** under Rule 37(a) and (d) and Rule 41. The undersigned **DOES *NOT* RECOMMEND** that attorney fees and costs be awarded to Defendant in connection with this second motion to compel.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE