| | |
|---|---|
| ESTATE OF SHANDLE MARIE RILEY, ) | |
| through its Administratrix, Bailey White, ) | LEAD OF CONSOLIDATED CASES |
| *Plaintiff*, ) | **No. 1:19-cv-00304-TRM-CHS** |
| ) | |
| vs. ) | Member Cases |
| ) | No. 1:19-cv-00305 |
| HAMILTON COUNTY GOVERNMENT, ) | **No. 1:19-cv-00329 (Johnson and C.P.S.)** |
| DEPUTY DANIEL WILKEY, et al. ) | No. 1:20-cv-00020 |
| *Defendants*. ) | No. 1:20-cv-00044 |

# REPORT AND RECOMMENDATION[1]

**I.     Introduction**

On August July 18, 2022, Defendant Tyler McRae filed his Third Motion to Compel and Sanction Plaintiffs Angel Johnson and C.P.S. for Failure to Comply with this Court's Orders and for Spoliation of Evidence [Doc. 618]. The undersigned conducted a hearing on this motion on July 28, 2022. Attorneys Dee Hobbs, Sharon Milling, Jerry Tidwell, Matt Tidwell, and Micah Guster appeared for Defendants. Neither Plaintiff Angel Cherie Johnson ("Ms. Johnson"), nor her minor child, C.P.S. ("CPS"), proceeding *pro se*, appeared for the hearing. For the reasons stated herein, it is **RECOMMENDED** that Ms. Johnson's complaint be **DISMISSED** with prejudice as a sanction for failure to cooperate in discovery pursuant to Federal Rule of Civil Procedure 37(a) and (d), and for failure to prosecute her action pursuant to Federal Rule of Civil Procedure 41(a).

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

## II. Background

On June 9, 2022, the Court entered an Order allowing Ms. Johnson's counsel, Robin Flores, Andrew Clarke and Howard Manis, to withdraw from representation of Ms. Johnson and CPS due to unresolvable communication issues between counsel and their client. [Doc. 525].

The Court gave Ms. Johnson until Friday, August 8, 2022, to obtain new counsel or inform the Court she was representing herself. The Court warned Ms. Johnson that, if she did not comply with the Court's Order, the Court could recommend dismissal under Rule 41 for failure to prosecute. [*Id*.]. As of the date of this Order, Ms. Johnson has not informed the Court that she intends to represent herself, nor has any attorney entered an appearance on her behalf.

On July 18, 2022, Defendant Tyler McRae filed his third motion to compel discovery and to sanction Ms. Johnson and CPS for failure to comply with this Court's earlier orders and for spoliation of evidence [Doc. 618]. More specifically, Defendant McRae alleges that Ms. Johnson and CPS failed to comply with the Court's Order dated March 30, 2022 [Doc. 491], requiring Plaintiffs to produce CPS' mobile phone. When Plaintiffs failed to do so, the Court eventually conducted a hearing on May 20, 2022. At the hearing, Ms. Johnson and CPS were placed under oath and questioned by the undersigned about the whereabouts of CPS's mobile phone and certain school records which had been requested by Defendant. Ms. Johnson and CPS represented to the Court that CPS had lost her mobile phone in a car accident that occurred on January 1, 2022, and that she had not had a mobile phone since that time period.

Following the hearing, Defendant's counsel laboriously unearthed evidence demonstrating that CPS did not lose her mobile phone in a car accident on January 1, 2022, and that she was in possession of her mobile phone and was actively using it through at least March 31, 2022. Further, there are cell phone records reflecting many calls between Ms. Johnson and CPS during the

January 1 through March 31, 2022 time frame. So, Ms. Johnson knew that CPS still had her mobile phone until March 31, 2022. It is clear that Ms. Johnson and CPS lied under oath to the Court. And, to the extent they discarded the phone after the Court ordered them to produce it, Ms. Johnson and CPS are guilty of spoliation of evidence.

Similarly, with respect to CPS's educational records, Defendant's counsel discovered evidence that Ms. Johnson provided a false explanation to the Court, under oath, for why those records could not be produced to Defendant.

**III. Analysis**

Defendant McRae asks the Court to dismiss Ms. Johnson's action pursuant to Federal Rule of Civil Procedure 37 for failure to comply with this Court's Order requiring CPS to produce her mobile phone [Doc. 491], and for making misrepresentations to the Court, under oath, as to why CPS's mobile phone and school records could not be produced. Rule 37(a) and (d) of the Federal Rules of Civil Procedure provides that that a Court may sanction a party for failure to respond to written discovery. Sanctions available are those enumerated in Rule 37(b)(2)(i)-(vii), including dismissal of the plaintiff's action if it is the plaintiff who has failed to respond. In addition to these sanctions, Rule 37(d)(3) authorizes awarding the injured party reasonable expenses, including attorney fees, caused by the other party's failure, unless that failure was substantially justified or an award of those expenses would be unjust.

In addition to Rule 37, Fed. R. Civ. P. 41(b) also applies to this situation. Rule 41(b) provides, in part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." The standard for evaluating a motion for dismissal under Rule 37 or Rule 41(b) is the same. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997).

Fed. R. Civ. P. 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

The Court considers four factors when addressing a motion to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see also Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019). These are the same factors a court considers when addressing a motion to dismiss pursuant to Fed. R. Civ. P. 37(d). *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997) (analyzing motion to dismiss under Rule 37 and Rule 41(b)).

When applying these four factors to this case, the Court is persuaded that dismissal is appropriate for the failure of Ms. Johnson and CPS to participate in discovery. First, Plaintiffs have failed to comply with a Court Order requiring them to produce CPS's cell phone. Compounding the problem, Ms. Johnson and CPS both appeared in the courtroom, swore under oath to tell the truth, and then actively misrepresented to the Court that CPS's phone had been lost in a car accident in January 2022 and that CPS had not been in possession of her phone since then. These

representations were demonstrably false. The Court finds that the Ms. Johnson and CPS's refusal to provide the requested discovery has been intentional and willful, and that their misrepresentations to Defendant and the Court have been made in bad faith. Second, Defendant has been significantly prejudiced in the development of his defense by Plaintiffs' refusal to provide the requested discovery. Third, the Court warned Ms. Johnson and CPS that failure to comply with its orders could result in dismissal of this lawsuit. Still, they deliberately disobeyed the Court's Order requiring production. And fourth, the Court has also considered measures less drastic than dismissal but does not find that they will be effective in compelling Ms. Johnson and CPS to cooperate fully in the discovery process. Indeed, the mobile phone being sought in discovery has apparently been hidden or destroyed.

Beyond Plaintiffs' failure to participate in discovery, they had a breakdown in communication with their attorneys resulting in counsel withdrawing from the case. At that point, the Court entered an order requiring Ms. Johnson to file a notification with the Court by August 8, 2022, indicating that she would proceed pro se, or, alternatively, having new counsel enter an appearance on Plaintiffs' behalf. More than two weeks have passed since that deadline, and nothing has been filed to indicate that Ms. Johnson and CPS intend to proceed with this case either with or without counsel. It is clear that they are not interested in prosecuting this lawsuit.

The Court does not believe that sanctions by themselves will compel Ms. Johnson and CPS to cooperate fully in discovery or this litigation. Therefore, after careful consideration, the Court finds dismissal of this action is appropriate and makes that recommendation to the District Court.

## IV. Conclusion

For the reasons set forth above, that Court hereby finds that:

1. Defendant Tyler McRae's Third Motion to Compel and Sanction Plaintiffs Angel Johnson and CPS for Failure to Comply with this Court's Orders and for Spoliation of Evidence [Doc. 618] is **GRANTED**.

2. It is **RECOMMENDED** that this action be **DISMISSED** under Rule 37(a) and (d) and Rule 41.

3. The undersigned **DOES NOT RECOMMEND** that attorney fees and costs be awarded to Defendant in connection with this third motion to compel. While monetary sanctions would certainly be appropriate for the additional work that Defendant's counsel had to perform in this case as a result of Plaintiffs' misrepresentations concerning discovery, the Court finds that Plaintiffs do not have the financial means to pay monetary sanctions, and for that reason recommends that such sanctions not be awarded.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE